## Joseph Begole and another v. Thomas McKenzie.

*Pleadings: Assumpsit: Contract: Common counts: Goods sold and delivered.* Where the terms of a contract for the sale and delivery of goods, have been fully carried out by the seller, and the property in the goods has passed, and nothing remains but a duty on the part of the buyer to make payment of the price in money, the amount may be recovered, either under a general count for goods sold and delivered, or under a special count upon the contract; the basis of the action under the general count is an undertaking which the law imputes to the defendant, as a consequence of the full execution of the special agreement by the plaintiff.

*Assumpsit: Goods sold and delivered: Contract: General count.* The general count may also be used where the contract has not been so performed, if the vendee has actually received and appropriated the goods, or any of them; but the basis of the action in such case is quite different, and springs, not from performance of the contract, but from the actual benefit derived by the defendant through his appropriation of the plaintiff's property.

*Contract: Sale of logs: Scaling: Title: Assumpsit: General count.* Where an agreement for the sale of saw-logs contemplates the scaling of the logs as a means of ascertaining the quantity and as something precedent to the vesting of the title, and that has not been done in a case where it is essential to the transfer of the title under the agreement, the vendor cannot recover under the general count as upon a completed contract.

*Assumpsit: Goods sold and delivered: Contract not completed: General count: Basis of recovery: Interest.* In an action upon the common counts in such case, where the contract had not been fully performed, the plaintiff cannot recover in excess of the actual benefit derived by the defendant, whatever the terms of the contract; and, therefore, he is entitled to nothing on the ground

that the defendant bound himself to receive the logs at a specified place, if he did not in fact receive them at all; nor can he recover interest which defendant agreed in the contract to pay. In such an action the plaintiff can not recover for any logs appropriated by the defendant which were in fact owned by third persons, or any which the defendant with his assent, paid for to others claiming to own them.

*Sale of logs: Contract: Place of delivery: Ambiguity: Construction.* Where a contract for the sale and delivery of logs is ambiguous as to the place of delivery, the construction of the court below in this regard, will not be held to be erroneous, unless the record clearly discloses that another construction is more reasonable.

*Heard January 9. Decided April 9.*

Error to Ionia Circuit.

*Lemuel Clute,* for plaintiffs in error.

*W. W. Mitchell,* for defendant in error.

GRAVES, J.

This is a writ of error by the defendants below, to the circuit court for the county of Ionia. The return to the writ, which includes the pleadings and a bill of exceptions, presents a case somewhat confused, and insusceptible of very precise treatment.

The declaration was confined to the common *indebitatus* counts in assumpsit, and the only part of it applicable was the general count for goods sold and delivered. The real claim was for the value of a quantity of saw logs.

The defense, aside from the general issue, was: *first,* that whatever logs, if any, were received, were furnished upon a special agreement between the parties, which was unperformed by McKenzie, whereby the plaintiffs in error suffered damage which they would seek to recoup; and, *second,* that the plaintiffs in error, with the assent and approbation of McKenzie, paid for whatever logs were received, to third parties, who claimed to own them.

Upon the trial, McKenzie gave in evidence the special contract set forth in the notice of defense, and finally

insisted on a recovery upon it. Now, where the terms of a special agreement for the sale and delivery of goods have been fully carried out by the seller, where the articles have been discriminated and singled out from others, where all things needful to ascertain the price have been done, in short, where the property in the goods has passed, and nothing remains but a duty on the part of the buyer to make payment of the price in money, the amount may be recovered at the election of the seller, either under a general count for goods sold and delivered, or under a special count based on the agreement.—*1 Chitty's Plead., 378 to 382,* and authorities cited. It is also true, that when the seller has not so performed as to give him the right to such election, but yet, the buyer has actually received and appropriated the goods, or some of them, the seller may still sue on the common count. The grounds of the action, however, will be quite different in these cases, and this difference will affect the issue and the course of proof. In the first case the basis of the action, if the general count is resorted to, is an undertaking which the law imputes to the defendant as a consequence of the full execution of the special agreement by the plaintiff.—*Streeter v. Horlock, 1 Bing., 34; Studdy v. Sanders, 5 Barn. and Cress., 628; Bull. N. P., 139.* In the second case, the plaintiff's right springs, not from his performance of the special agreement, since he has not performed it, but from the actual benefit derived by the defendant, through his appropriation of the plaintiff's property.

In the first case, the plaintiff's right is co-extensive with the past consideration involved in his performance of the special agreement; but in the second it extends no farther than the consideration afforded by the benefit actually gained by the defendant. To establish a *prima facie* right, according to the first theory, the plaintiff proves the agreement

and its full performance on his part, whereby it appears that there has been an express conveyance of the specific goods, and that nothing remains but a duty on the part of the defendant to pay the price in money.—*Stone v. Rogers, 2 M. & W., 443; Evans v. Harris, 19 Barb., 416.* But according to the second theory, he ignores any express conveyance of specific goods, and relies upon evidence of the facts and circumstances showing an actual appropriation of his goods by the defendant. The principle on which a recovery is allowed in case of a special agreement not carried out by the plaintiff, was explained in *Allen v. McKibbin, 5 Mich., 449,* and *Hosmer v. Wilson, 7 Mich., 294,* and to the doctrine there stated we adhere.

In the case before us, as we have seen, McKenzie did not, by his pleading, assume to set up his claim as one resting upon the special agreement, but he chose to declare simply for goods sold and delivered. And in adopting this form he would seem to have restricted himself, under the circumstances, to the exhibition of a cause of action, either upon the ground of an express conveyance of the logs through his execution of the agreement, or upon the ground of the liability of the defendants as a consequence of their appropriation of his logs. But as we understand the record, the agreement had not been so carried out as to complete thereby a conveyance of the specific logs embraced by it and give to McKenzie a right of action as on a completed agreement for the sale and delivery of the property.

We need only allude to a single circumstance in this connection. The express agreement certainly contemplated that the logs should be scaled as a means for ascertaining the quantity, and as something precedent to the vesting of the title under the agreement. And this was not done, and we do not discover any thing in the case of a nature to prevent the omission to scale, from hindering the passage

by force of the agreement of the title to the logs contracted for. There are some other matters in the case which point towards the same result.

McKenzie's right, then, must have rested upon the other ground, namely, upon the legal obligation which sprang from the appropriation of his property. His demand was, in substance, for the true value of such of his logs as the plaintiffs in error had actually received, and not for such as they had agreed to receive but had never appropriated. He could not exceed the recompense due him for the actual benefit received by the plaintiffs in error, whatever were the terms of the express agreement. Hence, if the plaintiffs in error bound themselves by the contract, to receive logs of him at a specified place, and did not in fact get them at all, and if they so bound themselves to pay him interest, and failed, such arrangements were not subservient to a case in which his right was restricted to the actual value of such of his logs as the plaintiffs in error actually appropriated.

The court, however, charged upon the hypothesis that McKenzie's claim was based upon the special agreement, and permitted the jury to allow for logs put into Fish Creek, and which the plaintiffs in error may never have received in fact; and also allowed the jury to add interest to the value of the logs. For these rulings, the judgment should be reversed.

As the case appears to have been submitted, and, in part at least, tried upon the incorrect theory that McKenzie's claim stood upon the special agreement, and that he was entitled to charge for logs which the plaintiffs in error, in fact, never appropriated, and for an amount exceeding the true value, the record is too anomalous to authorize comment upon several topics which were discussed at the bar.

Indeed a trial in harmony with the true theory of the

case, must preclude many questions now supposed to be involved. McKenzie will then be confined to the real value, not exceeding five dollars per thousand, the contract price, of such of his logs as the plaintiffs in error had the benefit of, and there will be no room for many difficulties which have been started.

Both sides have asserted the special agreement, and it seems to have been virtually conceded, that the plaintiffs in error actually had the benefit of a large quantity of logs which went into their hands in consequence of the agreement. Of course, whatever, if any, of those appropriated by the plaintiffs in error, were not owned by McKenzie, or were paid for to others with his assent, could not be recovered for.

It appears from the record, as already stated, that the contract was not fully carried out. One point bearing on the question of performance by McKenzie, appears to have hinged upon the construction due to the contract. He contended that the place of delivery was Fish Creek, while the plaintiffs in error urged that it was the boom at Muir. The court below held with McKenzie. The contract itself is somewhat ambiguous, and reasons may be given for either view. But, without knowing more of those collateral facts and incidents of which the parties were cognizant, than can be gathered from the record, the conclusion of the court below may, perhaps, be regarded as the more reasonable. At all events, the opposite view is not so cogent as to convict the charge of error on this point.

This disposes of all the questions raised, which, in the present posture of the case, it is proper to consider.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.