BARAK *v.* DETROIT APARTMENTS CORPORATION.

PARTIES—ASSIGNMENT AS SECURITY—REAL PARTY IN INTEREST.

> The assignee of a right of action, who, by the assignment which was given as security for a loan, was authorized to sue for, collect, and receipt for all claims arising thereunder, was a party in interest within the meaning of 3 Comp. Laws 1915, § 12353, and therefore entitled to maintain the action in his own name.[1]

Error to Wayne; Moynihan (Joseph A.), J. Submitted June 12, 1925. (Docket No. 7.) Decided July 16, 1925.

Assumpsit by Hyman Barak against the Detroit Apartments Corporation for breach of an optional land contract. Judgment for plaintiff. Defendant brings error. Affirmed.

*Robert M. Brownson,* for appellant.

*William Henry Gallagher,* for appellee.

MOORE, J. The plaintiff in this suit and August Barak are brothers. Prior to May 15, 1922, August Barak had an option with defendant to buy certain real estate, which he claims they had breached to his damage $5,000.

August Barak executed and delivered the following paper:

"For a valuable consideration, I do hereby sell, assign, transfer, convey and set over unto Hyman Barak, of Detroit, Wayne county, Michigan, a certain right of action and claim for damages possessed by me against the Detroit Apartments Corporation, a

---

[1]Assignments, 5 C. J. § 201.

Michigan corporation, arising from the breach of that certain option and contract entered into by said corporation, as party of the first part, and myself, the undersigned. * * *

"And I do hereby authorize the said Hyman Barak to demand, sue for, collect and receipt for all claims and damages arising to me by reason of the breach of said contract by said Detroit Apartments Corporation and any and all other claims possessed by or arising to me against said corporation under and by virtue of said instrument.

"Dated May 15, 1922.

"AUGUST BARAK."

On May 18, 1922, this suit was brought. When plaintiff rested his case defendant asked for a directed verdict because the plaintiff was not the real party in interest, calling the court's attention to section 12353, 3 Comp. Laws 1915. The request was overruled. Later a motion was made to enter judgment for defendant *non obstante veredicto*. This motion was overruled. The judgment which was entered was in favor of the plaintiff in the sum of $5,650. The case is brought into this court by writ of error.

Counsel says in his brief:

"(1) Was there error in the refusal of the court to direct a verdict for the defendant, on the ground of a lack of proper parties plaintiff?

"(2) Was there error in the court's denial of the defendant's motion for entry of judgment *non obstante veredicto,* on the ground that this suit was not brought by the real parties in interest in violation of section 12353 of the Compiled Laws of the State of Michigan for the year 1915, and was there error in the trial court's denial of defendant's motion for a new trial and his reasons therefor, on the same ground?"

Counsel say there was error, citing again section 12353, 3 Comp. Laws 1915, which reads:

"Every action shall be prosecuted in the name of the real party in interest, but an executor, administra-

tor, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party expressly authorized by statute, may sue in his own name without joining with him the party for whose benefit the action is brought." *   *   *

—and *Wood* v. *Insurance Co.*, 96 Mich. 437; *Grubaugh* v. *Simon J. Murphy Co.*, 209 Mich. 551; *Vandervleit* v. *Insurance Co.*, 209 Mich. 146; *Michigan Employers Casualty Co.* v. *Doucette*, 218 Mich. 363.

The contention of counsel is based upon the cross-examination of August Hyman, who testified in substance that the assignment was made by advice of counsel, that suit might be brought by the plaintiff and August Hyman be garnisheed.    But this cross-examination also showed that the consideration of the assignment was the loaning of $3,500 by Hyman Barak to August Barak, and that the assignment was made to secure Hyman Barak because of said loan.

The question arises, Who is the real party in interest?    The cases cited by counsel for defendant, when read, will show they are readily distinguishable from the instant case.

The rule has been stated as follows:

"This (statute requiring the real party in interest to sue) is not to be understood, however, as excluding one holding the legal title or right from suing in his own name.    Such person may sue as the real party in interest, if he can legally discharge the debtor, and the satisfaction of the judgment rendered will discharge the defendant, although the amount recovered is for the benefit of another."    20 R. C. L. p. 666.

In the instant case the assignment contains the following:

"And I do hereby authorize the said Hyman Barak to demand, sue for, collect, and receipt for all claims and damages arising to me by reason of the breach of

said contract by said Detroit Apartments Corporation, and any and all other claims possessed by or arising to me against said corporation under and by virtue of said instrument."

This would seem to meet the rule.

Judgment is affirmed, with costs to the appellee.

MCDONALD, C. J., and CLARK, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.