DUNNETTE *v.* HENRY L. DOHERTY & CO.

1. LICENSES—BLUE SKY LAW—FORGERY—BANKS AND BANKING.
   Where unindorsed check was delivered to investment company's licensed agent for investment, and he forged indorsement, cashed check, and misappropriated money, recovery may be had from company notwithstanding recovery might also have been had from bank.

2. SAME—FORGED CHECK.
   Check having been delivered to company's licensed agent to enable him to invest proceeds through company, and money having come into his possession, company may not assert that, because check was not indorsed, it never had title to funds.

3. CONTRACTS—COMPOUNDING FELONY.
   If one whose name was forged by investment company's licensed agent became illegally possessed of forger's property by compounding felony, company could not claim any benefit therefrom.

4. APPEAL AND ERROR—SPECIAL VERDICT.
   In trial by court without jury, determination of trial court on question of fact is as binding on appellate court as special verdict.

5. LICENSES—BLUE SKY LAW—BONDS—RIGHT OF ACTION.
   Person defrauded by investment company's licensed agent may maintain action on company's bond given pursuant to blue sky law (Act No. 220, Pub. Acts 1923), for protection of purchasers and all persons in interest, as against objection that she was not party to bond, gave no consideration therefor, and could not maintain action in her own name against surety.

6. SAME—PARTIES—ASSIGNMENTS—PARTY IN INTEREST.
   Person defrauded by investment company's licensed agent may maintain action on company's bond given pursuant to blue sky law, both in her own right as purchaser and also as assignee of another defrauded person as real party in interest under 3 Comp. Laws 1915, § 12353.

Error to Kent; Dunham (Major L.), J. Submitted October 24, 1930. (Docket No. 36, Calendar No. 35,194.) Decided December 2, 1930.

Assumpsit by Stella W. Dunnette against Henry L. Doherty & Company and another to recover funds entrusted for investment and misappropriated. From judgment for plaintiff, defendants bring error. Affirmed.

*Dale Souter,* for plaintiff.

*Knappen, Uhl, Bryant & Snow,* for defendants.

NORTH, J. Plaintiff in her own right and as assignee of her sister, whose funds she handled, brought this suit to recover from defendants money by her entrusted to Walter F. Plumb, a licensed salesman of the defendant Doherty & Company, to be invested by the company in certain securities. The funds were misappropriated by Plumb. The Fidelity & Deposit Company was on the Doherty & Company bond, which was filed with the Michigan securities commission in accordance with the so-called blue sky law. Act No. 220, Pub. Acts 1923. Defendants pleaded the general issue and gave notice of special defenses. The hearing in the circuit court was without a jury, and, following a finding made by the circuit judge, plaintiff had judgment for $7,663 and accrued interest. Defendant reviews by writ of error. The three transactions for which plaintiff recovered judgment were of the following dates: May 9, 1927, $5,000; March 12, 1928, $663; and March 22, 1928, $2,000. The defenses urged are such that the first item must be considered separate from the other two.

The $5,000 involved belonged to plaintiff's sister, Miss Ida L. Wilson, who at the time was in Florida. Plaintiff was looking after Miss Wilson's local affairs. A check for this item drawn by the Grand Rapids Trust Company on the Kent State Bank payable to the order of Ida L. Wilson was delivered by plaintiff to Walter F. Plumb to invest with Doherty & Company. Plumb, without authority, signed Miss Wilson's name as indorsee on the check. In his testimony he admitted this was a forgery. He appropriated the money to his own use. The defense is urged that neither Miss Wilson nor plaintiff lost the funds represented by this check; but that the money paid on the forged instrument was that of the bank and the original obligation could still be enforced by Miss Wilson against the Grand Rapids Trust Company. Plaintiff's position was that notwithstanding Plumb had no authority to indorse Miss Wilson's name on the check, since it was delivered to Plumb as a representative of Doherty & Company to be invested by the latter, Miss Wilson at least had the right to hold the company for the funds misappropriated by its agent regardless of her possibly having the right to elect to proceed against the Trust Company had she seen fit to do so. On this phase of the case the trial judge said:

"This check was in the hands of Henry L. Doherty & Company when it was delivered to Plumb. He was authorized by said defendant to receive such check. He did receive it, and obtained $5,000 on it. When Plumb received this money, it was money belonging to plaintiff in the hands of the defendant Henry L. Doherty & Company. If defendants' claim is true, that plaintiff might recover the amount of that check from the Kent State Bank, that does not alter the liability of Doherty & Company, and, in my judgment, plaintiff has a right to bring this suit to re-

cover that amount from defendant Henry L. Doherty & Company, notwithstanding the fact, if it is a fact, that she might recover it from the Kent State Bank.''

We think the trial judge was correct in his holding. There is an abundance of authority that the drawee of a check is *prima facie* liable for funds paid by it in consequence of forgery of the payee's name as an indorser. *Brown* v. *People's Nat. Bank,* 170 Mich. 416 (40 L. R. A. [N. S.] 657). But here the money represented by the check actually went into the hands of Doherty & Company's agent. Therefore the company is not in a position to assert that, because the check was not indorsed, it never obtained title to the funds represented by it. This check was delivered to Plumb to enable him to invest the proceeds through Doherty & Company. The situation is no different than it would have been had plaintiff placed the currency in the hands of Plumb for investment by his principal. Nor can the defendants defeat recovery by Miss Wilson's assignee, the plaintiff, on the theory that Miss Wilson might have proceeded against the Grand Rapids Trust Company on the ground that it had not discharged its obligation to her. Miss Wilson may have had a right of election as to whom she would look for reimbursement, but if so the right was hers to exercise and not that of defendants. *Good Roads Machinery Co.* v. *Broadway Bank* (Mo. App.), 267 S. W. 40.

As to the two other items here involved, the defense urged is that plaintiff had been paid ''to the extent of security released'' by her. This phase of the case requires the statement of additional facts. Plumb was plaintiff's son-in-law. He forged her name to an assignment of a mortgage belonging to

her and used it as a means of securing $2,500 from the Grand Rapids Savings Bank. When Plumb's defalcations became known, there was some contemplation by him and his friends of a plan for restitution which might possibly save him from criminal prosecution. Plaintiff assumed Plumb's $2,500 indebtedness to the Grand Rapids Savings Bank; and there was turned over to her by Mr. and Mrs. Plumb personal property from which plaintiff realized $1,400, and also the equity in two pieces of real property which Mr. and Mrs. Plumb were purchasing on land contracts. Nothing was realized by plaintiff from one of these equities. The other was the homestead of Mr. and Mrs. Plumb who were named as joint vendees in the contract. Plaintiff secured a loan of $4,500 on this parcel. With this money she paid the balance of the contract price and also $1,100 to herself, this constituting the balance of Plumb's indebtedness to the bank which plaintiff had assumed. She thereupon deeded the homestead to Mrs. Plumb subject to the $4,500 incumbrance. There is conflict and uncertainty in the testimony; but plaintiff claims that this transaction had only to do with the $2,500 item and in no way concerned the Doherty Company transactions, and that in deeding to Mrs. Plumb the transaction was carried out as arranged and agreed at the time the property was turned over to her by Mr. and Mrs. Plumb. On the other hand, in behalf of defendants it is claimed that their position is really that of sureties, in that plaintiff seeks to recover sums for which they are responsible only by reason of Plumb's defalcations; and that plaintiff was bound to protect them from liability to the full extent of the property in her possession if turned over to her for that purpose, which they claim to have been the fact. In

this connection defendants urge that the transaction by which Mr. and Mrs. Plumb turned their property over to plaintiff was in violation of law in that it was an attempt to compound a felony, and therefore plaintiff was under no obligation to return any portion of it but should have applied it in minimizing defendants' liability. We think defendants' position in this regard is not well taken. If, as defendants claim, plaintiff became possessed of the property of Mr. and Mrs. Plumb by an illegal transaction, that would not justify defendants in claiming the benefit and thus enable them to profit by compounding a felony instead of permitting plaintiff to do so. In any event, the record presents a conflict of testimony as to the purpose for which and the conditions under which the Plumbs transferred their property to plaintiff. On this phase of the case the circuit judge in his opinion said: "Defendants are mistaken in their claim." We find no justification for disturbing his determination, which, on this review, is as binding upon us as a special verdict. *Stobbelaar* v. *Berg,* 247 Mich. 121, and cases cited.

Defendants also urge that plaintiff was not a party to the bond sued upon, gave no consideration therefor, and was in no manner privy thereto, and therefore could not maintain suit in her own name against the surety. This is a bond required by statute. Act No. 220, Pub. Acts 1923. While it runs to the "People of the State of Michigan," it is "for the use and benefit and protection of purchasers and all persons in interest." A purpose of this bond is to protect purchasers of securities against frauds perpetrated in violation of law. *Timmerman* v. *Bultman,* 243 Mich. 344, and *Timmerman* v. *Doherty & Co.,* 246 Mich. 19. Its condition is that the principal "shall in all respects and in every manner comply with the laws of the State * * * with

reference to the offering for sale and delivery of securities.'' Plaintiff was a purchaser, and, both in her own right and as assignee, entitled to prosecute this action against the bond as the real party in interest. 3 Comp. Laws 1915, § 12353.

The judgment of the lower court is affirmed, with costs to the appellee.

Wiest, C. J., and Butzel, Clark, McDonald, Potter, Sharpe, and Fead, JJ., concurred.