JOHNSON v. NATIONAL FIRE INSURANCE CO.

1. APPEAL AND ERROR—EVIDENCE—SAVING QUESTION FOR REVIEW.
    Where, in action on fire insurance policy, testimony by plaintiff as to his arrest by fire marshal when he went to meet adjuster in response to telephone call was objected to, but no ruling asked for, no motion to strike made, and no request to charge made in reference thereto, question of its admissibility was not saved for review.

2. PARTIES—ASSIGNMENTS—REAL PARTY IN INTEREST—INSURANCE.
    Absolute assignment to vendees by vendors of their interest in claim under fire insurance policy, made after loss occurred, vested entire claim in vendees, so that they became sole parties in interest.

3. SAME—STATUTES.
    3 Comp. Laws 1929, § 14010, authorizes person to sue as real party in interest if he can legally discharge debtor and satisfaction of judgment rendered will operate as such discharge, notwithstanding amount recovered may be for benefit of another.

4. INSURANCE—PROOFS OF LOSS—WAIVER.
    Whether proof of loss was waived by insurer, held, properly submitted to jury under conflicting testimony.

Error to Allegan; Miles (Fred T.), J. Submitted January 8, 1931. (Docket No. 64, Calendar No. 35,163.) Decided April 7, 1931.

Assumpsit by Elwood Johnson and another against National Fire Insurance Company of Hart-

ford, Connecticut, on a fire insurance policy. Judgment for plaintiffs. Defendant brings error. Affirmed.

*Leo W. Hoffman* and *Clare E. Hoffman,* for plaintiffs.

*Smith & Searl,* for. defendant.

BUTZEL, C. J.   Elwood Johnson and Alma Johnson, plaintiffs, acquired the vendee's interest in a land contract on which the sum of $4,700 was still due. It provided for the purchase of a farm, together with the nine-room house, barn, and some small buildings situated thereon, all of the value of $8,000 according to plaintiffs' claim. The vendor assigned his interest to Eber W. Sherwood and Cynthia Sherwood and thereafter, upon the surrender of the contract, a new one was entered into between the Sherwoods as vendors, and plaintiffs as vendees. It called for the payment by the latter of the sum of $4,700, the balance still due on the former contract. The new contract contained a clause obligating vendees to insure the buildings on the property in a manner, amount, and by insurers approved of by the vendors, loss first payable to them and the balance, if any, to the vendees, in accordance with their respective interests. Plaintiffs secured from the Kalamazoo agency of defendant company a policy insuring the farmhouse for $4,000 and its contents for $1,000. It contained an appropriate clause conforming with the contract in regard to the payment of the insurance in the event of loss.

On November 3, 1928, two months and seven days after the issuance of the policy, both house and contents were destroyed by fire. Plaintiffs did not furnish proofs of loss. They claim that they were waived by defendant and became unnecessary after

its adjuster denied liability and charged that the
fire was an incendiary one started by plaintiff El-
wood Johnson.

On April 4, 1929, a day prior to the beginning of
this suit, the Sherwoods executed an assignment in
following form to plaintiff:

"For a valuable consideration and for the pur-
pose of bringing suit and so that they may apply
the amount recovered upon the contract of purchase,
which we hold, we assign to Elwood and Alma John-
son all our right under the insurance policy cover-
ing the loss on the buildings burned."

The declaration stated that the Sherwoods had
assigned their interest to plaintiffs for the purpose
of bringing suit. Defendant in its plea gave notice
that no proofs of loss had been furnished and that
all of the parties in interest had not been joined as
plaintiffs. Plaintiff recovered judgment for the full
amount of the policy.

A further statement of facts appears in the dis-
cussion of the assignments of error relied upon by
defendant in its appeal.

1. Defendant claims that the jury was prejudiced
by the admission of testimony showing that plain-
tiff, through the connivance of defendant, had been
arrested on a charge of arson and after four days
and nights of imprisonment had been released
through *habeas corpus* proceedings and the charge
no further pressed. This testimony developed with-
out objection and in the natural course of the narra-
tive of events that occurred shortly after the fire
and at a time when negotiations were being carried
on for the purpose of adjusting the loss. Without
any objection whatsoever, plaintiff Elwood Johnson
testified that a person who represented himself over
the telephone to be an adjuster of the defendant re-
quested him to come to South Haven to confer in

reference to the loss; that when he arrived there, he was not met by the adjuster, but was arrested by the fire marshal. After plaintiff had testified how he had been called to South Haven, he was asked: "And what did they do with you?" The following colloquy then took place:

"*Mr. Smith:* Objected to. Do you mean there was any connection between the State fire marshal and the insurance company?
"*Mr. Hoffman:* Yes."

This was the only objection made to the testimony in regard to his arrest. No ruling was asked of the court and the witness continued to testify. Inasmuch as no ruling was asked for, no motion to strike the testimony from the record made, and there was no request to charge the jury that there was no connection between the fire marshal and the adjuster of the defendant, as claimed by plaintiff, the question was not saved for review.

2. Plaintiffs claim that they were the only real parties in interest and that the insurance was entirely for their benefit though it also was for the purpose of further securing the Sherwoods in the event of loss. We need not discuss this claim, as the assignment of the claim was complete. It was made after the loss occurred and vested the entire claim in plaintiffs so that they became the sole parties in interest. The Sherwoods had no interest in the household furniture which was covered by the same policy that insured the house. The assignment was an absolute one, and while it did not release plaintiffs from their liability to the Sherwoods to the extent of the amount due them, it nevertheless vested the entire title and interest to the insurance in plaintiffs. It released defendant from all further liability to the Sherwoods.

The rule stated in *Barak* v. *Detroit Apartments Corp.*, 232 Mich. 59, 61, is that the statute (3 Comp. Laws 1929, § 14010) authorizes a person to sue as the real party in interest if he can legally discharge the debtor and the satisfaction of judgment rendered will operate as such discharge, notwithstanding that the amount recovered may be for the benefit of another.

3. The testimony as to the waiver of the proofs of loss was conflicting. Johnson testified that defendant's adjuster stated that defendant was not going to pay the loss and that Johnson had set fire to the building. An attorney whom Johnson had retained at the time of his arrest also gave corroborative testimony to the effect that defendant's adjuster told him that defendant was not liable on account of the fact that it was a "crooked fire." If these statements are true, it became unnecessary for plaintiffs to file proofs of loss. *Young* v. *Ohio Farmers' Ins. Co.*, 92 Mich. 68; *Morgan* v. *Illinois Ins. Co.*, 130 Mich. 427. The question of waiver of proof of loss on account of the statements of defendant's adjuster was one of fact. It was fairly presented to the jury by the trial judge in his charge. He stated that the burden of proof was on plaintiffs. The jury decided in plaintiffs' favor.

Other questions are raised, but we deem it unnecessary to pass on them. Even if they constituted error, they were nonprejudicial. The judgment is affirmed, with costs.

Wiest, Clark, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.