GREEN v. FIDELITY & CASUALTY CO. OF NEW YORK.

LICENSES—BLUE SKY LAW—BONDS—RIGHT OF ACTION.
   Person defrauded by dealer in securities may maintain action on dealer's bond given pursuant to provisions of blue sky law (Act No. 220, Pub. Acts 1923, before amendment), although running to people of State; intent of legislature being to protect purchasers of securities against frauds perpetrated by dealers in violation of law, and plaintiff, so far as record discloses, being only person interested in its enforcement (3 Comp. Laws 1929, § 14010).

Appeal from Wayne; Martin (William H.), J., presiding. Submitted October 26, 1932. (Docket No. 50, Calendar No. 36,735.) Decided January 3, 1933.

Assumpsit by George A. Green against Fidelity & Casualty Company of New York, a New York corporation, and Ward L. Taylor Company, Inc., a Michigan corporation, for sums intrusted for investment and misappropriated. Judgment for defendants. Plaintiff appeals. Reversed, and new trial granted.

*David I. Hubar* (*Milton M. Maddin,* of counsel), for plaintiff.

*Bishop & Weaver,* for defendant Casualty Company.

SHARPE, J.   The Ward L. Taylor Company, Inc., a corporation engaged in the brokerage business, on June 30, 1923, executed the bond required by Act No. 220, Pub. Acts 1923 (2 Comp. Laws 1929, § 9769 *et seq.*), to the people of the State of Michigan, with the defendant Fidelity & Casualty Company of New York as surety, conditioned—

"that if said principals and all of their salesmen in their employ, registered by them, shall faithfully comply with all provisions of said Act No. 220, Pub. Acts 1923, then this obligation shall be null and void, otherwise shall remain in full force and effect."

It seems to be conceded by counsel for the Fidelity & Casualty Company that the defendant Ward L. Taylor Company, Inc., disposed of certain securities of the plaintiff under circumstances which entitle him to recover under the statute.  The sole question presented is whether the plaintiff may maintain an action upon the bond in which the people of the State is named as sole obligee.  The trial court held that he could not, and entered a judgment for the defendant, of which the plaintiff seeks review by appeal.

Act No. 220, Pub. Acts 1923, commonly spoken of as the "blue sky law," was approved on May 23, 1923, and ordered to take immediate effect.  The bond here sued upon was executed on June 30, 1923, and before any amendments had been made thereto. The condition therein follows the language of the statute (section 22).

In *Dunnette* v. *Henry L. Doherty & Co.*, 252 Mich. 597, a similar action was brought upon a bond filed in compliance with this law. While the statute provides that the bond shall run ''to the people of the State of Michigan,'' the words ''for the use and benefit and protection of purchasers and all persons in interest'' were in that case added thereto. It was, however, there said:

''A purpose of this bond is to protect purchasers of securities against frauds perpetrated in violation of law.''

Under the statute (section 22), the commission was authorized to designate the form of the bond, and that here involved might well have been required to contain the language above referred to in the *Dunnette Case.* In *August* v. *Collins,* 260 Mich. 232, the following was quoted with approval:

''Where a bond is given under the authority of a statute, that which is not expressed but should have been incorporated, is included in the bond.'' *Chambers* v. *Cline* (syllabus), 60 W. Va. 588 (55 S. E. 999).

This bond was given to protect the plaintiff as a purchaser of securities from Ward L. Taylor Company, Inc. He was, so far as this record discloses, the only person interested in its enforcement. 3 Comp. Laws 1929, § 14010, provides that—

''Every action shall be prosecuted in the name of the real party in interest.''

In *People, for use of Herbert,* v. *McKinley,* 220 Mich. 112, an action was brought upon a sheriff's bond, in which the people of the State of Michigan was obligee, for a wrongful levy on certain lumber,

and it was held that, under "the mandate of the legislature,"—

"an action of replevin cannot be maintained in the name of the people of the State of Michigan for the use of the party bringing the action."

It was also said:

"The legislature in its attempt to simplify the practice has enacted the provision above quoted. We are not inclined to disregard it."

In *Waters, for use of Commercial Casualty Ins. Co.,* v. *Schultz,* 233 Mich. 143, an action was brought by the plaintiff "for the   *   *   *   benefit" of the insurance company carrying his risk against the defendant for damages sustained by the plaintiff in an automobile accident, and it was held that, under this statute and the authorities there cited, "the motion to dismiss the case for want of the proper party should have been granted."

In 9 C. J. p. 86, the rule is thus stated:

"Under statutes, in many jurisdictions, which prescribe that the real party in interest must be the plaintiff, the obligee need not sue if he is not entitled to the beneficial interest in the bond; but the party for whose benefit the bond is executed, whether the obligee or some other person, must sue thereon."

In our opinion the action was properly brought in the name of the plaintiff.

Counsel for the defendant call attention to the amendment to Act No. 220, enacted in 1929 (Act No. 136), under which, in section 24 (2 Comp. Laws 1929, § 9792), provision is made for a bond by dealers in the sum of $100,000 running to—

"the people of the State of Michigan for the use and benefit of any resident thereof, conditioned upon the

payment of any judgment that may be obtained against such dealer," etc.,

and insist that from it the conclusion should be drawn that the bond required by section 22 of Act No. 220 "bears no relation to a dealer's transactions with a single customer," and is not enforceable by the plaintiff in this action.

Prior to the enactment of this amendment, this court, as above stated, had construed the provision for a bond 'in section 22 as a protection to purchasers of securities against frauds perpetrated by dealers in violation of law. *Dunnette* v. *Henry L. Doherty & Co., supra,* and cases therein cited. While such purchasers are better protected under the provision for a bond in the amendment of 1929, we are of the opinion that the construction placed upon the provision in section 22, prior thereto, was a proper one and but expressed the intent of the legislature at the time of its enactment.

The judgment is reversed, with costs to appellant, and a new trial granted.

McDONALD, C. J., and CLARK, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.