KEARNS *v.* MICHIGAN IRON & COKE COMPANY.

1. PARTIES—REAL PARTY IN INTEREST—MULTIPLICITY OF SUITS—JUDGMENT.

   A statute requiring an action to be prosecuted in the name of the "real party in interest" is enacted to protect the defendant from being repeatedly harassed by a multiplicity of suits for the same cause of action, but so long as the defendant's rights are fully protected in the litigation, by a final and conclusive adjudication of the rights in controversy that may be pleaded in bar to any further suit instituted by any other party, he cannot complain for he is not harmed (CL 1948, § 612.2).

REFERENCES FOR POINTS IN HEADNOTES
[1] 39 Am Jur, Parties §§ 16, 17.
[2, 3, 5] 4 Am Jur, Assignments § 119.
[4] 39 Am Jur, Parties § 18; 54 Am Jur, Trusts § 584.

2. Same—Real Party in Interest—Assignments.

An assignee is the "real party in interest" in an action and may bring the action in his own name, where the assignment is such that satisfaction of the judgment obtained by the assignee will discharge the defendant from his obligation to the assignor (CL 1948, § 612.2).

3. Same—Real Party in Interest—Assignments.

An assignee is a real party in interest (CL 1948, § 612.2).

4. Same—Trustees.

A trustee may sue in his own name (CL 1948, § 612.2).

5. Same—Assignments—Trustees—Satisfaction of Judgment.

Plaintiff, as assignee of firm of attorneys and as trustee under an express trust for their benefit, was entitled to sue successor of assignor's client for legal services rendered, where the satisfaction of a judgment for plaintiff would operate as a discharge of the indebtedness which had been assumed by defendant herein, as successor of client for which services had been rendered.

Appeal from St. Clair; Kane (Edward T.), J. Submitted June 11, 1954. (Docket No. 51, Calendar No. 46,179.) Decided October 4, 1954.

Action by William F. Kearns, assignee of Walsh, Walsh, O'Sullivan, Stommel & Sharp, against Michigan Iron & Coke Company, a Delaware corporation, successor to a Michigan corporation of the same name, for attorney fees. Judgment for plaintiff. Defendant appeals. Affirmed.

*Walsh, Walsh, O'Sullivan, Stommel & Sharp,* for plaintiff.

*Armstrong, Essery, Helm & Marshall,* for defendant.

Carr, J. Plaintiff brought this action in circuit court asserting ownership by assignment of a claim for legal services rendered by his assignors to the

Michigan Iron & Coke Company, a Michigan corporation, between August 6, 1952, and June 23, 1953. The declaration filed in the cause alleged, and the answer admitted, that the assets of said corporation were transferred to defendant, a Delaware corporation, and that the latter assumed and agreed to pay all of the liabilities of said transferor. By its amended answer defendant denied the rendition of legal services by plaintiff's assignors, and asked that the declaration be dismissed.

The case was tried in circuit court without a jury. On behalf of plaintiff, proofs were introduced with reference to the legal services rendered by his assignors to the Michigan Iron & Coke Company and as to the value of such services. Plaintiff also offered in evidence an assignment to him of the claim for such services, granting authority to collect the same by any action or proceeding and to take such legal steps as might be necessary. Contemporaneously with the execution of such assignment plaintiff made a declaration of trust, appearing in the record as exhibit 1, which reads as follows:

"Whereas, Joseph F. Walsh, Wm. R. Walsh, Clifford O'Sullivan, Kenneth J. Stommel and W. Grafton Sharp, doing business as Walsh, Walsh, O'Sullivan, Stommel & Sharp, have this day assigned to me, William F. Kearns, all their right, title and interest in and to any and all sums of money now due or to become due from the Michigan Iron & Coke Company, a Delaware corporation,

"Now therefore, I, the said William F. Kearns, of the city of Port Huron, Michigan, do hereby declare and covenant that I will hold any and all money or property collected by me and which may come into my hands as a result of legal action against the said Michigan Iron & Coke Company, or shall otherwise be received by me from said company in payment or part payment or settlement of said assigned claim,

and cause of action, shall be held by me in trust for; and when said account has been collected or further attempts to collect it appear fruitless, will be paid over to, the firm of Walsh, Walsh, O'Sullivan, Stommel & Sharp.

"In witness whereof I have hereunto set my hand and seal this 8th day of August A. D. 1953.

"/s/ WILLIAM F. KEARNS
William F. Kearns"

Following the conclusion of plaintiff's proofs defendant rested, and moved to dismiss the case on the ground that plaintiff was not the real party in interest within the purview of CL 1948, § 612.2 (Stat Ann § 27.654). The motion was denied and judgment was entered for the plaintiff in the sum of $4,-823.31, with costs. Defendant has appealed from such judgment, asserting that the trial court was in error in refusing to grant the motion to dismiss for the reason assigned.

The section of the statute, above cited, on which appellant relies reads, in part, as follows:

"Every action shall be prosecuted in the name of the real party in interest, but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party expressly authorized by statute, may sue in his own name without joining with him the party for whose benefit the action is brought."

It is argued on behalf of appellant that plaintiff acquired no interest in the claim under the assignment to him, and that the sole purpose thereof was to permit the action to be brought in his name rather than in the names of the assignors. The question presented is whether the plaintiff may properly be regarded as "the real party in interest" as such expression is used in the provision of the statute quot-

ed. Counsel for plaintiff contend, in answer to defendant's argument, that the assignment transferred the ownership of the claim, with the consequent right to enforce payment of it by appropriate means. It is suggested that the provisions of the declaration of trust relating to the disposition of the moneys collected constituted recognition of the absolute character of the assignment to plaintiff. In view of the undisputed facts disclosed by the pleadings and the proofs it is insisted that plaintiff was entitled to prosecute the action as assignee and, also, as trustee.

The question at issue has been before this Court in prior cases. In *Poy* v. *Allan,* 247 Mich 385, 388, it was said:

"Statutes requiring every action to be prosecuted in the name of the real party in interest are enacted to protect defendant from being repeatedly harassed by a multiplicity of suits for the same cause of action, but so long as the defendant's rights are fully protected in the litigation, he cannot complain. He is entitled to be protected against vexatious litigation by different parties claiming to assert the same cause of action, but so long as the final judgment, when and if obtained, is a full, final, and conclusive adjudication of the rights in controversy that may be pleaded in bar to any further suit instituted by any other party, the defendant is not harmed. *Sturgis* v. *Baker,* 43 Or 236 (72 P 744); *Giselman* v. *Starr,* 106 Cal 651 (40 P 8)."

In *Sharrar* v. *Wayne Savings Association,* 254 Mich 456, plaintiff brought the action to recover membership fees paid to defendant by herself and by others who had assigned their claims to her. Testimony in the case indicated that the proceeds of any judgment that might be recovered was, in accordance with the understanding of the parties, to be distributed among the claimants after the payment of expenses. The defendant savings association urged

in the trial court that plaintiff could not recover on the assigned claims because as to them she was not "the real party in interest." The trial court rejected the contention and rendered judgment for the plaintiff. In sustaining such action on appeal, it was said (pp 458, 459):

"Thus we have presented the question as to whether plaintiff as an assignee can successfully maintain this suit as 'the real party in interest.' We think this is not an open question in this State. We are committed to the proposition that where an assignment is such that satisfaction of the judgment obtained by the assignee will discharge the defendant from his obligation to the assignor, for the purpose of the suit the assignee is the real party in interest and may maintain an action in his own name. Under the record in this case it cannot be questioned that recovery against defendant by Mrs. Sharrar will constitute satisfaction of the respective claims of her assignors. In a recent decision we said:

" 'The rule stated in *Barak* v. *Detroit Apartments Corp.*, 232 Mich 59, 61, is that the statute (CL 1929, § 14010) authorizes a person to sue as the real party in interest if he can legally discharge the debtor and the satisfaction of judgment rendered will operate as such discharge, notwithstanding that the amount recovered may be for the benefit of another.' *Johnson* v. *National Fire Ins. Co.*, 254 Mich 126 [130]."

In affirming a judgment in favor of plaintiff assignee in *Nierman* v. *White's Motor Parts, Inc.*, 269 Mich 608, the Court referred to prior decisions involving the right of an assignee, and of a trustee, to maintain an action on an assigned claim. It was there said, in part (pp 610, 611):

"Plaintiff was assignee of an account against the defendant for goods sold and delivered. It was unnecessary to sue upon a special contract because, under plaintiff's theory of the case, nothing remained

to be done except for defendant to pay for the goods which it had received. *Begole* v. *McKenzie*, 26 Mich 470; *Flint & P. M. R. Co.* v. *Wayne Circuit Judge*, 108 Mich 80.

"Claims such as are here involved are assignable and under the statute now in force suit must be instituted by the real party in interest. CL 1929, § 14010.

"An assignee is a real party in interest. *Johnson* v. *National Fire Ins. Co.*, 254 Mich 126; *Sharrar* v. *Wayne Savings Ass'n*, 254 Mich 456.

"An assignee may join with his own claim a claim which has been assigned to him. *Dunnette* v. *Henry L. Doherty Co.*, 252 Mich 597; *Sullivan* v. *Fidelity & Casualty Co. of New York*, 210 Mich 625; 1 Searl Michigan Pleading and Practice, § 29.

"A trustee may sue in his own name. *Curry* v. *Raich*, 245 Mich 146; 1 Searl Michigan Pleading and Practice, § 24."

The decision in *Howard* v. *Pulver*, 329 Mich 415, also involved a consideration of the provision of the statute relied on by appellant here. In that case an action was brought in a Michigan court by an administrator, appointed in the State of Illinois, to recover damages under the Indiana death act. The case was dismissed by the trial court on the theory that the foreign administrator was undertaking to sue in his official capacity in this State. In reversing such decision and remanding the case for further proceedings, this Court held that the action was not for the benefit of decedent's estate but was brought by the plaintiff as trustee for the statutory benefi-. ciaries. Obviously the plaintiff in the case was not seeking to recover for his own benefit, but rather for those to whom the statute directed the proceeds, of any judgment recovered to be distributed.

No claim is made in the instant case that the satisfaction of the judgment granted plaintiff will not

constitute a bar to any attempt by the assignors to recover from defendant for their legal services to the Michigan Iron & Coke Company. The satisfaction of such judgment will operate as a discharge of the indebtedness which the defendant here assumed. The execution of the absolute assignment of the claim to plaintiff, and the acceptance of the declaration of trust by him, followed by the recovery of judgment in the present litigation, necessarily preclude the assignors from asserting the claim against defendant in their own behalf, or causing any third party to do so. Defendant will be fully protected against harassment by further litigation on the satisfaction of plaintiff's judgment. Under the interpretation of the statute here involved, as recognized in the cases above cited, defendant's motion to dismiss was properly denied.

Counsel for appellant cite and rely on *Marshall & Ilsley Bank* v. *Mooney*, 205 Mich 513. However, the facts there involved are not analogous to those in the case at bar. The plaintiff bank filed suit in equity to foreclose a mortgage. The trial court granted the relief sought but the decree was reversed by this Court on the ground that the obligation to the plaintiff, secured by the mortgage, had been satisfied, and that as between plaintiff and defendants it was the duty of the former to surrender both note and mortgage. The argument was made on the appeal in this Court that certain indorsers had equities in the note and mortgage and that plaintiff should be decreed enforcement for their benefit. In rejecting such claim it was pointed out in the opinion that plaintiff did not bring the action as assignee or in a representative capacity but, rather, on the theory that it had such an interest in the note and mortgage as entitled it to foreclose the lien for its own benefit. No assignment to plaintiff was in-

volved in the case, nor does it appear that any trust relationship was asserted.

In *Solomon* v. *Ryder,* 257 Mich 193, also cited by counsel for appellant, the plaintiff brought suit individually to recover damages for personal injuries sustained in an automobile accident, and as trustee for an insurance company to recover for damages to the automobile. Apparently the cost of repairing the vehicle had been paid to plaintiff under the terms of her insurance policy. The case was brought before the enactment of PA 1929, No 271,\* permitting joinder in such a case by the insurer and the insured. Objection being raised to plaintiff prosecuting the claim of the insurance company, her attorney, and the attorney for the company, waived all claim for damages to the automobile. The trial court then permitted the case to proceed, the jury rendering a verdict in plaintiff's favor for damages for the personal injuries sustained by her. The judgment was affirmed, this Court recognizing that plaintiff was not entitled to join an action based on the insurance company's claim with her own action for damages. In view of the facts involved we think it apparent that the decision is not in point in the instant case and may not properly be regarded as at variance with other decisions of this Court, some of which are above discussed.

On the record before us we conclude that judgment was properly entered for plaintiff. Such judgment is, therefore, affirmed, with costs to appellee.

BUTZEL, C. J., and BUSHNELL, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.

---

\* Amending previous act and giving the present form to CL 1948 § 612.2 (Stat Ann § 27.654).—REPORTER.