*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

EDWIN BATES, JR.,

        Plaintiff,

and

KEYS OF LIFE SPECIALIZED CARE, INC.,

        Intervening Plaintiff-Appellee,

and

MICHIGAN SPINE AND PAIN CLINIC, PLLC,

        Intervening Plaintiff,

v

AUTO CLUB GROUP INSURANCE
COMPANY,

        Defendant-Appellant.

UNPUBLISHED
March 26, 2019

No. 340705
Wayne Circuit Court
LC No. 15-003183-NF

Before: O'BRIEN, P.J., and JANSEN and RONAYNE KRAUSE, JJ.

PER CURIAM.

In this no-fault action involving the standing of a healthcare provider to bring an action against an insurer pursuant to an assignment of rights, defendant appeals by delayed leave granted[1] the judgment of the trial court in favor of intervening plaintiff-appellee, Keys of Life Specialized Care, Inc., (KOL) following a jury trial. After the jury rendered its verdict but

---

[1] *Bates v Auto Club Group Ins Co*, unpublished order of the Court of Appeals, entered October 30, 2017 (Docket No. 340705).

before judgment was entered, our Supreme Court rendered its decision in *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017). The trial court held that, notwithstanding *Covenant*'s holding that that healthcare providers have no direct cause of action against insurers under the no-fault act, MCL 500.3101 *et seq*., plaintiff here had standing based on written assignments from the insured. For the reasons explained in this opinion, we vacate the trial court's judgment and remand for further proceedings.

## I. BACKGROUND

On March 13, 2015, Edwin Bates, Jr., filed a complaint for first-party benefits related to an automobile collision in which he was injured. KOL moved to intervene, contending that it incurred expenses by treating Bates's injuries, and that defendant was obligated to pay those expenses. The trial court granted KOL's motion, and KOL then filed its own complaint against defendant for damages related to defendant's failure to pay benefits. Bates and the other intervening plaintiff—Michigan Spine and Pain Clinic, PLLC—eventually settled and were dismissed, leaving only KOL's claim against defendant. A jury trial was held on that claim, and the jury ultimately awarded KOL $100,000 for expenses incurred from treating Bates. After trial but before judgment was entered, our Supreme Court decided *Covenant*. When KOL later moved for entry of judgment, it argued that *Covenant* was inapplicable because KOL had an implied-in-fact contract with Bates, whereby Bates had assigned KOL his rights to sue defendant.

Plaintiff attached to its motion affidavits from Bates and LaShawn Davis, KOL's owner and director. According to Bates, he consented to KOL's intervention in order to collect on the bills owed to KOL for Bates's treatment. Bates understood that, as a consequence, Bates was giving up his right to personally sue for the money owed to KOL, and he was giving that right to KOL. When Bates eventually settled with defendant, he recognized that his settlement did not include any money related to KOL's claim. Davis likewise understood that when KOL intervened, it became the owner of the claims, and Bates consented to give up his right to sue for the same claims. Davis further contended that following KOL's intervention, all parties behaved consistently with an assignment of rights having taken place. According to Davis, he asked Bates to execute an assignment of rights document following the *Covenant* decision, which Bates did.

Defendant objected to KOL's motion for entry of judgment, contending that it was not sufficient under *Covenant* that Bates and KOL "intended an assignment." Defendant argued that there must have been an actual assignment before KOL filed its complaint. By contending that a written assignment was executed after *Covenant* was decided, defendant asserted that KOL was essentially conceding that it lacked standing when it filed its petition. Defendant concluded that, based on *Covenant* and KOL's resulting lack of standing to bring an independent cause of action, "the proper course of action" for the trial court was to "dismiss the suit."

Several weeks later, on the day of the motion hearing, KOL filed a supplemental exhibit, claiming that it had gone through boxes of documents stored in a garage (apparently stored there in disarray because KOL had suffered a fire) and found seven written assignments executed by Bates on August 1, 2014; October 3, 2014; December 3, 2014; January 5, 2015; March 3, 2015; July 30, 2015; and September 30, 2015. At the hearing, KOL further argued that defendant had

never raised a standing defense, the parties' conduct evidenced an implied-in-fact assignment of rights, and even if KOL had not previously been able to produce the requisite documents, its recently-found assignments unequivocally established that Bates assigned his rights to KOL.

The trial court decided in favor of KOL, reasoning:

> Before the Supreme Court decision in *Covenant*, it was long held by Michigan courts that medical providers had a right to an independent cause of action against a no-fault insurance carrier for the recovery of [personal injury protection] benefits. Although in the Supreme Court [sic] in the *Covenant* matter the Supreme Court indicated that the courts had misinterpreted that statute, it is clear that prior to that decision, that courts were operating under the idea that medical providers did in fact have an independent cause of action.

Consequently, defendant's argument that the trial court somehow failed to recognize or apply the retroactive effect of *Covenant* mischaracterizes the trial court's ruling. The trial court went on to conclude that not only was it clear during the litigation that the parties were operating as though an assignment existed, unlike in *Covenant*, KOL had produced actual, valid assignments. Again contrary to defendant's argument, the trial court did not rely on KOL's waiver argument. The trial court entered a judgment in favor of KOL.

## II. STANDARD OF REVIEW

When defendant filed its objection to KOL's motion for entry of judgment, it argued that based on *Covenant*, KOL did not have an independent statutory cause of action against defendant, and therefore its complaint—which only pleaded a direct cause of action against defendant—must be dismissed. Though not styled as a motion for summary disposition, the gravamen of defendant's objection was a motion for summary disposition under MCR 2.116(C)(8) (failure to state a claim on which relief can be granted). See *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 204; 920 NW2d 148 (2018) (explaining that this Court is not bound by a party's choice of labels because this would exalt form over substance).

Appellate courts review de novo a trial court's grant of summary disposition. *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 506; 885 NW2d 861 (2016). In *Maiden v Rozwood*, 461 Mich 109, 119-120; 597 NW2d 817 (1999), our Supreme Court explained the process for reviewing a motion filed under MCR 2.116(C)(8):

> A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint. All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant. *Wade v Dep't of Corrections*, 439 Mich 158, 162; 483 NW2d 26 (1992). A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are "so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Id*. at 163. When deciding a motion brought under this section, a court considers only the pleadings. MCR 2.116(G)(5).

Whether a party has standing and whether the trial court has subject-matter jurisdiction are issues of law that this Court reviews de novo. *Groves v Dep't of Corrections*, 295 Mich App 1, 4; 811 NW2d 563 (2011).

## III. ANALYSIS

Defendant argues that the trial court erred by entering judgment to KOL because its complaint only states a direct cause of action against defendant, and it never amended its complaint to plead an assignment from Bates. We agree that the trial court should not have entered judgment in favor of KOL without first allowing KOL to amend its complaint, and therefore remand for KOL to move to amend its complaint and for further proceedings as necessary.

As explained by this Court in *Bronson Healthcare Group, Inc v Michigan Assigned Claims Plan*, 323 Mich App 302, 305; 917 NW2d 682 (2018):

> Relevant to the parties' arguments, on May 25, 2017, the Michigan Supreme Court decided *Covenant*, wherein the Court held that healthcare providers do not have an independent statutory cause of action against insurers to recover PIP benefits. [*Covenant*, 500 Mich at 195-196]. Since *Covenant* was decided, this Court has . . . held that *Covenant* applies retroactively to cases pending on direct appeal when *Covenant* was decided. *W A Foote Mem Hosp v Mich Assigned Claims Plan*, 321 Mich App 159, 172-173, 909 NW2d 38 (2017). See also *VHS Huron Valley Sinai Hosp v. Sentinel Ins Co (On Remand)*, 322 Mich App 707, 713–714; 916 NW2d 218 (2018).
>
> In this case, *Covenant* is clearly dispositive with regard to plaintiff's claims against defendants. Quite simply, as a healthcare provider, plaintiff has no independent statutory claim against defendants. *Covenant*, 500 Mich at 195; *W A Foote Mem Hosp*, 321 Mich App at 172-173. Under *Covenant*, defendants are entitled to summary disposition because plaintiff has no cause of action against defendants, and plaintiff has therefore failed to state a claim on which relief may be granted. See MCR 2.116(C)(8).

The reasoning from *Bronson* is equally applicable here. Based on *Covenant*, healthcare providers like KOL do not have an independent statutory cause of action against insurers like defendant. Because *Covenant* applies retroactively, KOL's complaint—which only pleaded a direct cause of action against defendant—failed to state a claim on which relief could be granted. Defendant was therefore entitled to summary disposition under MCR 2.116(C)(8), and the trial court's judgment to KOL is vacated.

Despite that KOL failed to state a claim on which relief could be granted, we hold that because KOL claims to have an assignment of right from Bates, it should be permitted to amend its complaint to pursue recovery under an assigned-claim theory. As the *Bronson* Court explained:

> [P]laintiff argues that if *Covenant* does apply to this case, plaintiff should be given the opportunity to amend its complaint to pursue benefits on an

-4-

assigned-claim theory because plaintiff can establish that the injured party treated by plaintiff assigned her claims to plaintiff. In this regard, we note that an agreement to assign a "right to benefits payable in the future is void." MCL 500.3143. However, an injured person may assign "his or her right to past or presently due benefits to a healthcare provider." *Covenant Med Ctr, Inc*, 500 Mich at 217 n 40. In *Covenant*, the Court expressly recognized that a healthcare provider's inability to bring a direct cause of action did not alter the injured party's ability to assign past or presently due benefits. *Id*. Given this fact, we agree that, in the circumstances presented in this case, plaintiff should be given an opportunity to move the district court to amend its complaint. See *W A Foote Mem Hosp*, 321 Mich App at 196. [*Bronson Healthcare Group, Inc*, 323 Mich App at 306-307.]

Unlike in *Bronson*, the trial court here entered a judgment in favor of KOL, but, as already explained, that judgment was improper and is therefore vacated. Thus, this case is essentially in the same posture as was the case in *Bronson*, so the proper remedy is to remand for the trial court to allow KOL to move to amend its complaint to pursue recovery under an assigned-claim theory. Defendant should then be allowed to answer KOL's amended complaint, including asserting affirmative defenses, and permitted discovery on the validity of the assignments alleged by KOL.

KOL contends that remanding for it to amend its complaint is unnecessary because the trial court "constructively granted" its motion to amend its complaint,[2] citing *Cole v Ladbroke Racing Michigan, Inc*, 241 Mich App 1, 10; 614 NW2d 169 (2000) ("Although no motion to amend was filed until after the court ruled, it is clear to this Court that the trial court constructively granted leave to amend by allowing argument and, ultimately, dismissing the action based on the [Equine Activity Liability Act, MCL 691.1661 *et seq*.]. Because plaintiff briefed the issue and was afforded an opportunity for oral argument in response to defendant's second motion for summary disposition, we find no prejudice."). There are numerous problems with this position. First, and most problematic, there is no amended complaint—or even a proposed amended complaint—in the lower court record, which in itself belies the assertion that the trial court granted KOL's motion to amend its complaint. Second, unlike in *Cole*, we cannot conclude that constructively granting KOL's motion to amend its complaint would not prejudice defendant. KOL alleges that either there was an "implied-in-fact" assignment of rights from Bates to KOL, or that Bates assigned his rights to KOL in the written assignments provided on the day of the hearing on KOL's motion for entry of judgment. If these theories of assignment were alleged in KOL's complaint, defendant could have conducted discovery on the issues. But because these theories were never pleaded, defendant has never been given that opportunity. Moreover, as to the written assignments, defendant never had a chance to properly contest the validity of the assignments because they were presented the day that the trial court entered

---

[2] KOL never filed a formal motion to amend its complaint. Rather, in its answer to defendant's motion to dismiss the case based on *Covenant*, KOL argued that, if necessary, it could amend its complaint to seek recovery on an assigned-claim theory.

judgment. Thus, we cannot conclude that any "constructive grant" of KOL's motion to amend its complaint did not prejudice defendant.

Defendant, in contrast to KOL, argues that rather than remanding the case to allow KOL to amend its complaint, we must remand for the trial court to dismiss the case in its entirety. Defendant's argument boils down to this: our Supreme Court in *Covenant* held that healthcare providers like KOL lack statutory standing to bring an independent cause of action against insurers like defendant, and because standing is jurisdictional, the trial court has no jurisdiction to allow KOL to amend its complaint and can only dismiss the action for lack of jurisdiction. See *In re Beatrice Rottenberg Living Trust*, 300 Mich App 339, 355; 833 NW2d 384 (2013) ("if a party lacks statutory standing, then the court generally lacks jurisdiction to entertain the proceeding or reach the merits").

Defendant's argument appears to confuse subject-matter jurisdiction and standing. When a court lacks *subject-matter* jurisdiction, it *must* dismiss the case. *Bowie v Arder*, 441 Mich 23, 56; 490 NW2d 568 (1992). But "[s]ubject-matter jurisdiction and standing are not the same thing. Jurisdiction of the subject matter is the right of the court to exercise judicial power over a class of cases, not the particular case before it; to exercise the abstract power to try a case of the kind or character of the one pending." *Glen Lake-Crystal River Watershed Riparians v Glen Lake Ass'n*, 264 Mich App 523, 528; 695 NW2d 508 (2004), quoting *Altman v Nelson*, 197 Mich App 467, 472; 495 NW2d 826 (1992). The circuit court clearly has subject-matter jurisdiction to hear no-fault claims, so it had subject-matter jurisdiction over this case. A "[p]laintiff's failure to plead or prove sufficient facts to support [its] standing [does] not deprive the circuit court of subject matter jurisdiction." *Altman*, 197 Mich at 476. Thus, the circuit court was not deprived of subject-matter jurisdiction—and therefore was not *required* to dismiss the case—solely because KOL failed to plead facts to support its standing.

*Covenant* held that healthcare providers could not bring an independent cause of action against insurers, but it expressly left open the option for healthcare providers to bring a cause of action against insurers under an assigned-claim theory. *Covenant*, 500 at 217 n 40; 218. In *Kearns v Mich Iron & Coke Co*, 340 Mich 577, 582; 66 NW2d 230 (1954), our Supreme Court explained that "where an assignment is such that satisfaction of the judgment obtained by the assignee will discharge the defendant from his obligation to the assignor, for the purpose of the suit the assignee is the real party in interest and *may maintain an action in his own name*." (Quotation marks and citation omitted; emphasis added.) Later, in *Stillman v Goldfarb*, 172 Mich App 231, 237; 431 NW2d 247 (1988), this Court explained that the real-party-in-interest doctrine is a "standing doctrine." Thus, while KOL does not have statutory standing to bring an independent cause of action against defendant, KOL does have standing to bring a cause of action against defendant under an assigned-claim theory. That is what KOL seeks to do by amending its complaint. The trial court was not deprived of jurisdiction to decide whether KOL could amend its complaint to establish standing due solely to KOL's failure to sufficiently plead facts to support that it had standing. See *Altman*, 197 Mich at 476.

In fact, based on the facts here, our court rules *required* that the trial court allow KOL to amend its complaint to establish standing. When a party moves to dismiss an action based on a party's lack of standing, the motion is properly brought under MCR 2.116(C)(8) or (10). See *Leite v Dow Chem Co*, 439 Mich 920, 920 (1992) (explaining that a challenge to the

real-party-in-interest is properly brought under MCR 2.116(C)(8) or (10)); *Stillman*, 172 Mich App at 237. Under MCR 2.116(I)(5), "If the grounds asserted are based on subrule (C)(8), (9), or (10), the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified." Here, defendant moved to dismiss KOL's complaint under MCR 2.116(C)(8) based on KOL's lack of statutory standing. Because the evidence suggested that, if allowed to amend its complaint, KOL would be able establish standing under an assigned-claim theory, MCR 2.116(I)(5) required the trial court to allow KOL to amend its complaint.

The trial court's judgment is vacated and the case is remanded for further proceedings. We do not retain jurisdiction.


/s/ Colleen A. O'Brien
/s/ Amy Ronayne Krause