BRADY v. BOTKIN.

1. INSURANCE—EXECUTORS AND ADMINISTRATORS—VENDOR AND PURCHASER—INSURABLE INTEREST.

Executor who took conveyance of hotel property from corporation, whose stock was practically all owned by testator and sold it under land contract to defendant's judgment debtor to whom insurance policy was issued with loss payable clause running to grantor and grantee as their respective interests might appear, had an insurable interest therein and was entitled to proceeds of policy as against garnisheeing judgment creditor of purchaser as well as to proceeds of policy on personalty assigned to executor by purchaser.

2. SAME—SALE OF PROPERTY IN THIS STATE BY FOREIGN EXECUTOR.

On theory that foreign executor could not sell estate property in this State, purchaser's judgment creditor garnisheeing proceeds of insurance policies on property in which executor had an insurable interest *held*, not entitled to prevail, since if executor had no power to sell he still had all the title and purchaser took nothing.

3. APPEAL AND ERROR—INSURANCE—PARTIES.

In suit by executor of estate owning property in this State which he sold under land contract claiming proceeds of insurance policies, contention by vendee's garnisheeing judgment creditor that foreign executor cannot bring suit in this State is not considered where suit is brought by plaintiff in his own right.

4. PARTIES—REAL PARTY IN INTEREST.

3 Comp. Laws 1929, § 14010, authorizes person to sue as real party in interest if he can legally discharge debtor and satisfaction of judgment rendered will operate as such discharge, notwithstanding amount recovered may be for benefit of another.

Appeal from Berrien; Warner (Glenn E.), J, presiding. Submitted June 20, 1934. (Docket No. 134, Calendar No. 37,746.) Decided December 11, 1934.

Bill by William N. Brady against The City National Bank & Trust Company of Niles, Michigan,

and others to determine the ownership of money paid into court by insurance companies on fire loss. H. R. Botkin, receiver, was substituted in place of The City National Bank & Trust Company of Niles, Michigan. From decree distributing the money, defendant Botkin appeals. Affirmed.

*Rolland E. Barr,* for plaintiff.

*Stuart B. White (John S. McDonald,* of counsel), for defendant Botkin.

NORTH, J. This is a suit in equity to determine who is entitled to insurance money which, subsequent to the fire loss, was paid by the insurers into court. The destroyed property was the Edgewater hotel and furnishings therein, the same being located in the city of St. Joseph. Separate policies of insurance were carried on the building and on the contents. Plaintiff is the executor, appointed by the probate court of Cook county, Illinois, of the estate of Frank P. Graves who, when he died in 1915, was domiciled in Illinois. At the time of his death Mr. Graves seems to have owned practically all the corporate stock in the Edgewater Club Building Company, to which the hotel property belonged. Incident to the administration of the Graves estate the executor took conveyance from the corporation of title to the hotel property and thereafter caused the corporation to be dissolved. No one having an interest in this estate or in the hotel corporation is complaining of this transaction. It was done to simplify the administration of the estate and to avoid the burden of perpetuating the corporation. After plaintiff took title to the hotel property, which he clearly held in trust for the benefit of the Graves estate, he contracted in writing for sale of the prop-

erty to one Charles Renner. This was done under the approval and with the authority of the probate court of Cook county. Renner, as contract vendee, took possession of the hotel property approximately 10 years before the same was destroyed by fire and continued in possession in the interim. During this time by payments he reduced the amount due on the contract from the original purchase price of $35,000 to approximately $21,000. At the time the fire occurred the insurance policies covering the real estate contained the following loss payable clause:

"It is understood the property hereby insured is held under contract for deed from William N. Brady, grantor, to Charles Renner, purchaser, loss, if any, payable subject to the terms and conditions of this policy, and as their respective interests may appear."

The policies covering the personal property were made payable to Mr. Renner. This, however, is of little consequence because subsequent to the fire and prior to the garnishment in consequence of which defendant makes claim to the insurance money, plaintiff had received from Renner an assignment of his rights under the insurance policies covering the personalty. In consequence of the facts above set forth, plaintiff claims he is entitled to the insurance money in the hands of the court, the same being less than the unpaid balance on the Renner contract.

Defendant Botkin is the receiver of the City National Bank & Trust Company. For convenience hereinafter the bank will be referred to as the appellant. Renner was indebted to the bank. The bank brought suit against him and recovered judgment for $14,150.98. Ancillary to its suit the bank garnisheed all the insurance companies. While gar-

nishment proceedings were pending plaintiff filed the bill of complaint herein for the purpose of securing determination of conflicting claims to the insurance money. The decree entered in the circuit court disposed of several conflicting claims. It was determined that the bank had no interest by reason of its garnishment to the insurance money or any part thereof. From this adjudication the bank has appealed.

Appellant takes the position that plaintiff cannot rightfully claim any interest in the insurance money. Fundamentally this claim is based upon a contention that plaintiff had no title whatever to the hotel property, and that he therefore had no insurable interest. Appellant's reasoning is that Mr. Brady was a trustee of the Graves estate and therefore he could not vest in himself title to any of the property belonging to the estate or in any way derive profit from the trust reposed in him, and that any attempted conveyance in violation of his trust relation is void. Hence it is claimed plaintiff had no insurable interest in the hotel property.

The principles of law upon which appellant relies need not be questioned, but they are in no way applicable to this case. Plaintiff frankly admits that he has no personal interest in the property or property rights involved in this litigation. As against appellant's contention just above noted, the significant thing is that no one who has at any time had an interest in the hotel property or who has an interest in the Graves estate is making any complaint whatever of the manner in which this transaction has been handled. It might be sufficient to say that under the circumstances it does not lie in the mouths of the creditors of Mr. Renner to make such complaint. In addition to this it may be noted that plaintiff has not conveyed or transferred to himself

any assets of the Graves estate but instead whatever rights he asserts have come to him as the grantee in the deed from the corporation which owned the hotel property. Neither Mr. Graves nor his estate ever held title to this property. Surely if all parties concerned are satisfied with this transaction the court in equity should not hold it void, as appellant asserts. Also, it is difficult to understand how appellant can logically contend that plaintiff had no insurable interest in the hotel property but notwithstanding this his contract vendee, Renner, did have an insurable interest therein. This must be appellant's position, otherwise Renner would have no insurable interest and appellant as his creditor would take nothing by its garnishment. It must be held that plaintiff did have title to the hotel property, subject only to Renner's vendee's rights, and that therefore plaintiff had an insurable interest.

In any event, in so far as the insurance covered personal property, plaintiff is claiming by virtue of his assignment from Renner as the insured, and plaintiff's rights as such assignee to this insurance does not seem to be seriously questioned. After the assignment plaintiff was the only one who could assert rights under the policies. *Johnson* v. *National Fire Ins. Co.*, 254 Mich. 126.

Another objection urged by appellant against plaintiff's right to have the insurance money decreed to him is that plaintiff, being a foreign executor, could not sell real estate located in Michigan nor could he maintain this suit. The first of these contentions can hardly be helpful to appellant, because if it is true that plaintiff as foreign executor could not sell the Michigan hotel property, he continued to be the owner thereof and to have an insurable interest therein. And, of course, if he could not sell, Renner obtained no interest as plaintiff's vendee, in

which event Renner had no insurable interest and appellant would take nothing by its garnishment. The contention that plaintiff, a foreign executor, cannot bring suit in this State is not here of consequence because the suit is brought by plaintiff in his own right. We are not in accord with appellant's contention that plaintiff could not sue in his own right. As noted above title to the insured property had been conveyed to Mr. Brady personally, not in a representative capacity. This was also true of the assignment of the insurance to him by Renner. As pointed out above, if all parties interested, including the insurance companies, are satisfied the equity court should not be much concerned with complaints made by one of Renner's creditors. To hold otherwise would be to decree that money rightfully belonging to the Graves estate should be used to pay Renner's debt to his creditor. The inequity is so apparent as to be quite conclusive.

On this phase of the case it is appellant's contention that plaintiff by bringing suit in his own name has contravened the statute which provides:

"Every action shall be prosecuted in the name of the real party in interest, but an executor, administrator, guardian, trustee of an express trust, *a party with whom or in whose name a contract has been made for the benefit of another,* or a party expressly authorized by statute, may sue in his own name without joining with him the party for whose benefit the action is brought." 3 Comp. Laws 1929, § 14010.

In effect this is a suit on the insurance contracts held by plaintiff in his own name for the benefit of the Graves estate; and it seems to fall squarely within the italicized portion of the statute.

"3 Comp. Laws 1929, § 14010, authorizes person to sue as real party in interest if he can legally discharge debtor and satisfaction of judgment ren-

dered will operate as such discharge, notwithstanding amount recovered may be for benefit of another.'' *Johnson* v. *National Fire Ins. Co.* syllabus, *supra.*

Consideration has been given to other questions presented by appellant's brief but we find in them nothing which sustains appellant's contention that the decree entered in the circuit court should be reversed. It is therefore affirmed, with costs to. appellee.

NELSON SHARPE, C. J., and POTTER, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.