J. BAXTER UPHAM ET AL. v. WILLIAM F. DICKINSON ET AL.

*Assignment of right of action in trespass.*

The law will not aid wrong-doers to adjust equities among themselves, nor alleviate their hardships growing out of their trespasses upon the rights of others.

One of the parties to a joint trespass is not entitled, by satisfying the claims of the injured person, to take from him an assignment of his right of action for the injury and sue his associates for damages in full, either in his own name or in that of his assignor.

Error to Van Buren. Submitted January 17. Decided February 1.

TROVER. Plaintiffs bring error.

*Severens, Boudeman & Turner* for plaintiffs in error.

*Arthur Brown* and *Alfred J. Mills* for defendant in error.

COOLEY, J. The facts in this case are somewhat complicated, and without attempting to set them out in detail, we prefer to give in brief so much thereof as shall be sufficient to present the only question of law upon which it seems important to express an opinion.

The action is in trover for the conversion of a quantity of logs cut in the years 1867 and 1868 by the copartnership of Dickinson, Rogers & Co. on certain lands in Van Buren county. The copartnership was composed of the defendants, one Samuel Rogers, and three other persons, and seems to have been formed in contemplation of lumbering operations upon these lands and others which were owned by the partners individually. The lands in question were claimed by these defendants; but it afterwards appeared that they had no title, and whether they really believed they had any, the record does not disclose. The defect in title being discovered, Rogers bought the lands of the plaintiffs, who were the real owners, and took from them an assignment of the right of action for the timber which unlawfully had been cut on the land before the purchase. To recover the value of this timber, the present suit is instituted and carried on by Rogers in the name of his grantors, but for his own benefit.

This statement is made as full as possible in the interest of the real plaintiff, that he may have the full benefit of any question of fact which might be open to dispute. The fact nakedly stated is, that the suit is by one joint wrongdoer, who having satisfied the parties injured, now seeks to recover from his associates, not the sum paid, nor their proportionate part of it, but the amount of the injury suffered. Such a recovery, it is said, would be equitable, because the defendants wrongfully pretended to own the lands when the trespasses were committed, and but for this wrongful pretense, which deceived their associates, no liability would have been incurred.

Had this suit been brought in the name of Rogers himself, as it might have been under our statute (*Final*

*v. Backus*, 18 Mich., 218; *Grant v. Smith*, 26 Mich., 201), the questions made would have been more directly presented, but they would in substance have been the same as now. The real plaintiff seeks to place himself in the shoes of his assignors, and to recover in their right, and not otherwise. It is admitted that it is a general rule of law, based upon considerations of public policy, that the law will refuse its remedies to joint wrong-doers to enable them to adjust equities between themselves, or to alleviate hardships growing out of their trespasses upon the rights of others. *Merryweather v. Nixan*, 8 T. R., 186; *Lingard v. Bromley*, 1 Ves. & B., 117; *Thweatt's Admr. v. Jones*, 1 Rand., 328, 332; *Peck v. Ellis*, 2 Johns. Ch., 131; *Acheson v. Miller*, 18 Ohio, 1. The rule is supposed to have an important purpose in keeping parties within the limits of caution and prudence, and making them careful to observe the obligations the law imposes upon them. It is not perceived that there can be any ground for giving such aid indirectly when it would be refused if the demand were presented directly and in the name of the party himself.

It is said, however, that some exceptions have been recognized, and that this case is within them. The case of *Low v. Blodgett*, 21 N. H., 121, is referred to. That was a case in which a surety on a note purchased it, and had it transferred to a third person in trust for himself. His right to do this was sustained; but we do not perceive that the case has any bearing upon the question at issue here. It shows, indeed, that a party may in some cases satisfy a demand and still keep it alive for the purposes of a remedy against others; but the case was not one of tort, and the principle involved was a familiar and very salutary one in the law of contracts. As the court say in their decision, the suit merely avoided circuity of action and maintained the just rights of the parties. *Rindge v. Coleraine*, 11 Gray, 157, is also brought to our attention. In that case property in the hands of a bailee suffered an injury by

reason of a negligence for which the town was responsible. The bailee settled with the owner, taking from him at the time an agreement that he might pursue his remedy in the owner's name. On this statement it is seen that the wrongdoer was the town, and there was no question of joint participation in the wrong by the bailee. In *McCrillis v. Hawes*, 38 Me., 566, which is also cited, the party wronged by two joint trespassers had settled with one of them for one-half his injury, and was held entitled to pursue the other for the remaining half. The court rely upon *Benbridge v. Day*, 1 Salk., 218, but admit that if the satisfaction had been in full, the subsequent action could not have been maintained. *Gilpatrick v. Hunter*, 24 Me., 18. Indeed an express agreement between the party making satisfaction and the party wronged, that the right of action should be kept alive for his benefit, could not have had that effect. *Gunther v. Lee*, 45 Md., 60.

It seems, then, to be clear that this action cannot be supported. The demand of the plaintiffs has been satisfied, and thereby extinguished. Had Rogers brought the amount paid into the partnership accounting, the question would have been altogether different; but the question then would have been not what damages these plaintiffs had sustained, but what one of the partners had paid to satisfy a partnership liability. Rogers could not buy up the claim to speculate from his associates upon it; he could claim no more than it had cost him. And if this were a suit at law by Rogers for contribution or for indemnity, the questions would also have been different. There are undoubtedly some cases in which parties are technically wrongdoers in which the claim of one who has satisfied their liability to contribution from the others is not only equitable, but contravenes no rule of public policy. Such would be a case where partners who are not personally in the wrong, are made liable to a third person by reason of the negligence of one of their servants. *Wooley v. Batte*, 2 C. & P., 417; *Bailey v.*

*Bussing*, 28 Conn., 455. There are also some cases in which full indemnity might be recovered; as where any auctioneer has been compelled to pay for property sold for one who did not own it, *Adamson v. Jarvis*, 4 Bing., 66, or any other agent, employed to do an act not manifestly wrong, and which he supposed the principal had a right to do, is rendered liable to a third person. *Moore v. Appleton*, 26 Ala., 633. Or a master has been compelled to respond for the negligence of his servant. *Green v. New River Co.*, 4 T. R., 589; *Pritchard v. Hitchcock*, 6 M. & G., 151; *Ashley v. Root*, 4 Allen, 504; *Grand Trunk Railway v. Latham*, 63 Me., 177. Possibly as between partners a similar action might be maintained under some circumstances. See *Devall v. Burbridge*, 6 W. & S., 529. But as this is not a suit either for contribution or for indemnity, we need not pursue this suggestion. The circuit judge held the action not maintainable, and we agree with him.

The judgment will be affirmed with costs.

The other Justices concurred.