SHARRAR v. WAYNE SAVINGS ASSOCIATION.

1. Parties—Assignments—Real Party in Interest—Statutes.
    Where an assignment is such that satisfaction of judgment obtained by assignee will discharge defendant from his obligation to assignor, for the purpose of suit the assignee is the real party in interest and may maintain an action in his own name (3 Comp. Laws 1929, § 14010).

2. Judgment—Trial—Directed Verdict.
    Defendant's motion for directed verdict, on retrial, was properly denied, where trial judge followed rule laid down in former decision.

3. Appeal and Error—Directed Verdict.
    In reviewing denial of defendant's motion for directed verdict, testimony must be construed most favorably to plaintiff.

4. Contracts—Rescission—Laches—Ratification.
    In action for membership fees paid to savings and loan association, on rescission of membership contracts for misrepresentations of defendant's agents, defendant's motion for directed verdict on ground of laches and ratification, held, properly denied.

5. FRAUD—PRINCIPAL AND AGENT—PRINCIPAL LIABLE FOR AGENT'S FRAUD.

Where defendant ratified the acts of its agents by accepting the fruits of their activities, it is responsible for their fraud regardless of its actual knowledge or active participation therein.

Error to Wayne; Miller (Guy A.), J. Submitted April 21, 1931. (Docket No. 47, Calendar No. 35,426.) Decided June 1, 1931.

Assumpsit by Ruby L. Sharrar against Wayne Savings Association, Percy Emery, receiver, to recover membership fees, individually and as assignee of certain subscribers to stock on the rescission of membership contracts. Judgment for plaintiff. Defendant brings error. Affirmed.

*Charles H. Goggin,* for plaintiff.

*Fred L. Warner,* for defendant.

NORTH, J. The facts and circumstances giving rise to this litigation appear in *Sharrar v. Wayne Savings Ass'n,* 246 Mich. 225. Since our former decision the case has been retried in the circuit. At the conclusion of the proofs each party moved for a directed verdict. The jury was discharged, and upon findings by the court plaintiff had judgment. Defendant reviews by writ of error.

One of defendant's grounds urged in support of its motion that verdict be directed against plaintiff was that "she is not the real party in interest and cannot maintain this action in her own name on behalf of all these parties. * *. * Therefore, the only interest she has in the case is the interest of her own claim amounting to some $126 with interest."

Plaintiff brought this suit to recover membership fees paid to defendant by herself and 42 others who prior to the suit had assigned to plaintiff their respective claims in the following manner:

"For a valuable consideration to me paid, I, the undersigned, do hereby sell, assign, transfer and set over to Ruby L. Sharrar, all my right, title and interest in and to a certain claim in amount indicated below, which I hold against the Wayne Savings Association, a corporation, and do hereby authorize said assignee to institute suit in his name for the collection thereof."

On the second trial plaintiff voluntarily abandoned a number of the claims. The circuit judge disallowed 11; but rendered judgment in plaintiff's favor for the balance of the claims, totaling $3,170.69. It is defendant's contention that, except as to plaintiff's individual claim, her recovery was in violation of 3 Comp. Laws 1929, § 14010, which with certain exceptions not here important provides that "every action shall be prosecuted in the name of the real party in interest." On this phase of the case plaintiff testified:

"*Q.* That is the understanding, is it, that if anything is recovered in this suit that the expense will be deducted *pro rata* and the balance distributed among the members?

"*A.* Yes.

"*Q.* Then the only interest you have in this is to bring the suit and recover what that membership fee was?

"*A.* Yes, sir."

Thus we have presented the question as to whether plaintiff as an assignee can successfully maintain this suit as "the real party in interest." We think this is not an open question in this State.

We are committed to the proposition that where an assignment is such that satisfaction of the judgment obtained by the assignee will discharge the defendant from his obligation to the assignor, for the purpose of the suit the assignee is the real party in interest and may maintain an action in his own name. Under the record in this case it cannot be questioned that recovery against defendant by Mrs. Sharrar will constitute satisfaction of the respective claims of her assignors. In a recent decision we said:

"The rule stated in *Barak* v. *Detroit Apartments Corp.,* 232 Mich. 59, 61, is that the statute (3 Comp. Laws 1929, § 14010) authorizes a person to sue as the real party in interest if he can legally discharge the debtor and the satisfaction of judgment rendered will operate as such discharge, notwithstanding that the amount recovered may be for the benefit of another." *Johnson* v. *National Fire Ins. Co.,* 254 Mich. 126.

Defendant's motion for a directed verdict on the ground that the misrepresentations relied upon by plaintiff and her assignors "were mere sales talks or statements by the agents to encourage subscriptions," was not well founded. This phase of the litigation was discussed by Justice FEAD in our former opinion and a proper rule was there laid down. It was followed by the circuit judge in the second trial. He passed upon the testimony, allowed some of the claims and disallowed others. We find no reason in this record for disturbing the circuit judge's decision.

Defendant also sought a directed verdict on the ground of laches and ratification. Plaintiff's course of conduct was largely governed by the final determination of the secretary of State to abide by his

decision that defendant could not establish branches outside of Wayne county. This information was finally and definitely ascertained by Mr. Sharrar, who seems to have been acting in behalf of plaintiff and her assignors, on or about May 26, 1926. Suit was started January 15, 1927. In the meantime these claims were assigned to plaintiff and demand made upon defendant for repayment of the membership fees involved. On this phase of the record, as well as others having to do with defendant's motion for a directed verdict, the testimony must be construed most favorably to plaintiff. The circuit judge correctly refused to direct a verdict either on the ground of laches or ratification. In this connection we have also considered appellant's claim as to laches or ratification being a defense in consequence of which the circuit judge should have disallowed either plaintiff's individual claim or the claim of any of her assignors. We find no reason for reversing his holding in this regard as to any of the individual claims for which recovery was had.

Appellant claims error in the exclusion of certain testimony offered for the purpose of showing that the misrepresentations on which plaintiff relied for recovery were made by defendant's agents (if made at all) without authority so to do or knowledge thereof on the part of the directors of the defendant company. There was no error in this ruling. Defendant ratified the doings of its agents by accepting the fruits of their activities; and regardless of its actual knowledge or active participation in the frauds perpetrated defendant is responsible therefor. *Chaffee* v. *Raymond*, 241 Mich. 392; *Upell* v. *Bergman*, 246 Mich. 82.

Appellant's brief reviews to some extent the record of each of the separate claims on which the

circuit judge rendered judgment for plaintiff, and urges that such judgment was against the great weight of evidence. In this connection it is urged that the defendant did maintain a branch office at Alma in accordance with its agreement. On substantially the same record as we now have before us, we held otherwise in our former decision, and no reason now appears for reversing that determination. As noted above, some of the claims assigned to plaintiff were abandoned, some were disallowed by the trial judge, and recovery was had on 20 of the claims. We have reviewed the record carefully as to each of the claims on which recovery was had, and in each instance find testimony which sustains the judgment rendered.

There are numerous other assignments of error in the record relative to the admissibility of evidence. We deem it unnecessary to review them in detail. Most of the objections are not well founded. The others are largely based upon the objection that the testimony was hearsay. These objections were made while the case was on trial before the jury. If the case had finally been submitted to the jury some of these objections might have been of more serious consequence. However, the suit was finally submitted for determination by the circuit judge without a jury; and under the circumstances we are well satisfied that no prejudicial error resulted from any of the rulings on evidence of which complaint is made. We find nothing in this record which would justify a retrial. The judgment is affirmed, with costs to appellee.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.