NIERMAN v. WHITE'S MOTOR PARTS, INC.

1. ASSUMPSIT—SPECIAL CONTRACT—ASSIGNMENTS.

One suing as an assignee of an account for goods sold and delivered need not sue upon a special contract, where, under his theory of the case, nothing remains to be done except for defendant to pay for goods received.

2. ACTION—REAL PARTY IN INTEREST—ASSIGNMENTS—PARTIES.

Suit brought on assignable claims must be instituted by the real party in interest and an assignee is such a party (3 Comp. Laws 1929, § 14010).

3. ASSIGNMENTS—JOINDER OF CAUSES OF ACTION.

An assignee may join with his own claim a claim which has been assigned to him.

4. PARTIES—TRUSTEES.

A trustee may sue in his own name.

5. SALES—ACCEPTANCE—DAMAGES.

One to whom plaintiff's assignor sold valves, who kept the valves, did not rescind but put them in stock and was selling them to the public at the time of trial is *held*, to have accepted them and not be entitled to damages for breach of warranty as to fitness for purposes intended where there is no tangible proof of such damages.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted October 9, 1934. (Docket No. 131, Calendar No. 37,950.) Decided December 10, 1934. Rehearing denied January 29, 1935.

Assumpsit by Robert G. Nierman, assignee of Vulcan Valve Corporation, a foreign corporation, against White's Motor Parts, Inc., a Michigan corporation, for goods sold and delivered. Cross-declaration by defendant based on breach of warranty, fraud and deceit and the common counts. From judgment for plaintiff in common pleas court, defendant appealed to circuit court. Judgment for plaintiff. Defendant appeals. Affirmed.

*Bryant, Lincoln, Miller & Bevan* (*Albert M. Stern,* of counsel), for plaintiff.

*Arthur Rubin (Rich & Willis,* of counsel), for defendant.

POTTER, J. Plaintiff sued defendant in common pleas court for the city of Detroit, declaring on all the common counts in assumpsit and especially for goods sold and delivered, claiming damages to the amount of $469.92, together with interest to date of trial. Attached to the declaration were invoices and a statement of account. These were made a part of the declaration.

Defendant pleaded the general issue; gave notice the goods sold and delivered were defective and

unfit for the purposes intended and sold to the defendant; and there had been a total failure of consideration; and by cross-declaration, sought to recoup damages for breach of warranty, fraud and deceit—adding the common counts for money had and received by cross-defendant. There was judgment for plaintiff in the common pleas court.

The case was appealed by defendant to the circuit court and it was there tried, resulting in a verdict for plaintiff.

Defendant claims plaintiff sued as an assignee, and it was necessary for the pleadings to show that. In the circuit court, the trial judge allowed an amendment to plaintiff's declaration permitting it to declare upon the assignment. Defendant also claims the court erred in not awarding it damages for the breach of warranty; the trial court was wrong in its conclusion upon the question of failure of consideration; plaintiff should have sued for damages on an executory contract; and the circuit court had no authority to permit the plaintiff to amend the declaration in the circuit court to add a count upon a promissory note not specially declared upon in the common pleas court.

Formerly, an assignee had to sue as such. 3 Comp. Laws 1897, § 10054.

Plaintiff was assignee of an account against the defendant for goods sold and delivered. It was unnecessary to sue upon a special contract because, under plaintiff's theory of the case, nothing remained to be done except for defendant to pay for the goods which it had received. *Begole* v. *McKenzie,* 26 Mich. 470; *Flint & P. M. R. Co.* v. *Wayne Circuit Judge,* 108 Mich. 80.

Claims such as are here involved are assignable and under the statute now in force suit must be in-

stituted by the real party in interest.   3 Comp. Laws 1929, § 14010.

An assignee is a real party in interest.  *Johnson v. National Fire Ins. Co.,* 254 Mich. 126; *Sharrar* v. *Wayne Savings Ass'n,* 254 Mich. 456.

An assignee may join with his own claim a claim which has been assigned to him.  *Dunnette* v. *Henry L. Doherty Co.,* 252 Mich. 597; *Sullivan* v. *Fidelity & Casualty Co. of New York,* 210 Mich. 625; 1 Searl Michigan Practice, § 24.

A trustee may sue in his own name.  *Curry* v. *Raich,* 245 Mich. 146; 1 Searl Michigan Practice, § 24.

The testimony shows defendant received the valves in question.  November 9, 1932, it wrote Vulcan Valve Company, assignor:

"Just as soon as we possibly can our check will go forward even if it is not a large one."

Defendant kept the valves; there is no attempt at rescission; and must be held to have accepted the same because it put the same in stock, sold them to the public, and was engaged in selling the valves at the time the suit was tried in the circuit court.  No tangible proof was introduced showing, or tending to show, the damages defendant suffered by reason of the defective condition of the valves, if they were defective.

The trial court entered a judgment for the plaintiff, which is affirmed, with costs.

Nelson Sharpe, C. J., and North, Fead, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.