DeJONG v B F GOODRICH, INCORPORATED

Docket No. 44444. Submitted January 4, 1980, at Grand Rapids.—
Decided March 5, 1980.

Maynard D. DeJong was killed when, in the course of his employ-
ment, he was driving a truck which was hit head-on by a
garbage truck owned by Acme Disposal Company (Acme).
Plaintiff, Marjorie DeJong as personal representative of May-
nard DeJong, commenced an action against B. F. Goodrich,
Incorporated, a Netherlands corporation, B. F. Goodrich, Incor-
porated, a New York corporation (collectively referred to as
B. F. Goodrich), and Gans Tire Company, Incorporated (Gans),
for damages for wrongful death, alleging that the accident
occurred as a result of the rupture of a tire on the garbage
truck. The tire was manufactured by B. F. Goodrich and sold to
Acme by Gans. Gans filed a third party complaint against
Acme, alleging possible contribution liability. Acme moved the
Oceana Circuit Court for accelerated judgment based on a
"Release and Assignment" from plaintiff which released Acme
from all claims arising out of the accident, assigned to Acme's
insurer the right to prosecute any action against any potential
products liability defendant in her name and provided that any
recovery would be split 50-50 between herself and the insurer.
B. F. Goodrich and Gans moved for accelerated judgment,
claiming the cause of action was barred by the assignment. The
court, Terrence R. Thomas, J., granted Acme's motion and
dismissed the claims against B. F. Goodrich and Gans. Plaintiff
appeals the dismissals. *Held:*

Public policy prohibits the maintenance of a suit under such
circumstances. Further, the suit is not being brought in the
name of a real party in interest, contrary to the court rules.

Affirmed.

1. DEATH — WRONGFUL DEATH ACTION — ASSIGNMENT OF RIGHT TO
   SUE — PUBLIC POLICY.

   The insurer of a potential defendant in a wrongful death action

REFERENCES FOR POINTS IN HEADNOTES
[1] 44 Am Jur 2d, Insurance § 1820 *et seq.*
[2] 44 Am Jur 2d, Insurance § 1849.

may not recover from other tortfeasors in an action brought in the name of the personal representative of the decedent pursuant to an assignment by the representative of the right to prosecute the wrongful death action against certain products liability defendants but retaining to the representative a 50% interest in any recovery, since the maintenance of the suit constitutes an attempt by the assignee to improve its position from that of a potentially liable defendant's insurer to that of a potential profit-making plaintiff, contrary to the public policy of the state.

2. DEATH — WRONGFUL DEATH — ASSIGNMENT OF RIGHT TO SUE — STATUTES — COURT RULES.

An assignee of a right to prosecute a wrongful death action is a real party in interest and the assignor is divested of that status, despite the fact that he reserved a 50% interest in the amount recovered; the assignee may not maintain a wrongful death action since he is: 1) required by the court rule to bring suit in his own name as the real party in interest, and 2) prohibited from suing in his own name by the wrongful death statutory requirement that suit be brought by and in the name of the personal representative of the decedent (GCR 1963, 201.2, MCL 600.2922[2]; MSA 27A.2922[2]).

*Tolley, Fisher & Verwys,* for plaintiff.

*Cholette, Perkins & Buchanan* (by *Robert A. Benson),* for defendant B. F. Goodrich, Incorporated.

Before: D. F. WALSH, P.J., and R. B. BURNS and J. H. GILLIS, JJ.

D. F. WALSH, P.J. Plaintiff, Marjorie DeJong, appeals the order of dismissal entered on March 8, 1979, by the Oceana Circuit Court.

On August 11, 1978, plaintiff commenced a wrongful death action against defendants B. F. Goodrich, Incorporated, a Netherlands corporation, and B. F. Goodrich, Incorporated, a New York corporation (hereinafter referred to collectively as B. F. Goodrich) and defendant Gans Tire Company,

Inc. MCL 600.2922; MSA 27A.2922. Plaintiff's decedent was killed on March 22, 1976, when, in the course of his employment, he was driving a truck which was hit head-on by a garbage truck owned by Acme Disposal Company, Inc. According to the allegations in plaintiff's complaint, the accident occurred as a result of the rupture of one of the tires of the garbage truck. B. F. Goodrich manufactured the tire. Defendant Gans had sold the tire to Acme Disposal. Plaintiff advanced three theories of liability: products liability, negligence and breach of implied warranty.

Defendant Gans successfully moved to bring in Acme Disposal as a third party defendant, alleging the possible contribution liability of Acme.

On November 24, 1978, Acme moved for accelerated judgment. The motion was based on plaintiff's releasing of Acme from all liability in connection with Maynard DeJong's fatal accident. GCR 1963, 116.1(5); MCL 600.2925d(c); MSA 27A.2925(4)(c). The May 12, 1978, "Release and Assignment" upon which Acme based its motion provided, in pertinent part, as follows:

"FOR AND IN CONSIDERATION of the payment of the sum of Two Hundred Thousand and 00/100 Dollars ($200,000.00), to Marjorie DeJong for herself and in her representative capacities for the estate of Maynard DeJong, deceased, and the estate of Matthew DeJong, a minor, the receipt whereof by Marjorie DeJong for herself and in her representative capacities is hereby acknowledged, and in consideration of the assignment of claims hereinafter enumerated, does hereby for herself and the estates of Maynard DeJong and Matthew DeJong, her and their successors and assigns, release, acquit, and forever discharge Acme Disposal Company, its insurer, Sentry Insurance A Mutual Company, their officers, employees, agent, heirs, representatives, assigns and successors in interest ('Releasees'), from any and all

claims, actions and causes of action, on account of any and all damages resulting from or in any way connected with the accident or event that occurred on or about the 22nd day of March, 1976, which resulted in the death of Maynard DeJong.

\* \* \*

"Marjorie DeJong further assigns for herself and in her representative capacities to Sentry Insurance A Mutual Company the right to prosecute any and all actions in her name and in the name of the estate of Maynard DeJong, deceased, against any potential products liability defendant stemming from the accident which resulted in Maynard DeJong's death, with any recovery in such action, not including taxable costs and attorneys fees, to be divided 50 percent to the assignors herein and 50 percent to Sentry Insurance A Mutual Company, the assignee of these claims. As to any and all claims, Marjorie DeJong agrees to cooperate fully and completely in their prosecution by Sentry Insurance A Mutual Company.

\* \* \*

"Marjorie DeJong further signifies and acknowledges, for herself and in her representative capacities, the assignee herein, and its agents, employees, and attorneys make no representations, warranties, or promises that any sum whatsoever will be recovered from any claims assigned to assignee herein, and that the decision to prosecute and/or settle any such claims shall be solely the right of assignee herein."

Upon learning of the release and assignment, defendants moved for accelerated judgment. They claimed that plaintiff's claim was barred by the release and that plaintiff had disposed of the claim by assignment before the commencement of the action. GCR 1963, 116.1(5).

On March 8, 1979, Acme's motion for accelerated judgment was granted. On appeal, plaintiff does not challenge that ruling. In addition, however, the circuit court dismissed the complaint

filed against defendants B. F. Goodrich and Gans. That dismissal is the subject of plaintiff's appeal. We affirm.

As observed by the circuit court, important public policy considerations are raised by the facts of this case. These considerations were identified long ago by the Supreme Court in a case which we perceive to be indistinguishable and dispositive. In *Upham v Dickinson,* 38 Mich 338 (1878), one joint wrongdoer took an assignment from the wronged parties of the right of action against his fellow wrongdoers. The assignee then brought suit for his own benefit but in the name of his assignors to recover from his associates the amount of injury suffered by the assignors. In affirming the circuit court's determination that the action could not be maintained, the Supreme Court, speaking through Justice COOLEY, stated:

"Had this suit been brought in the name of Rogers [the assignee] himself, as it might have been under our statute *(Final v Backus,* 18 Mich 218; *Grant v Smith,* 26 Mich 201), the questions made would have been more directly presented, but they would in substance have been the same as now. The real plaintiff seeks to place himself in the shoes of his assignors, and to recover in their right, and not otherwise. It is admitted that it is a general rule of law, based upon considerations of public policy, that the law will refuse its remedies to joint wrong-doers to enable them to adjust equities between themselves, or to alleviate hardships growing out of their trespasses upon the rights of others. *Merryweather v Nixan,* 8 T. R. 186; *Lingard v Bromley,* 1 Ves. & B. 117; *Thweatt's Admr v Jones,* 1 Rand. 328, 332; *Peck v Ellis,* 2 Johns. Ch. 131; *Acheson v Miller,* 18 Ohio 1. The rule is supposed to have an important purpose in keeping parties within the limits of caution and prudence, and making them careful to observe the obligations the law imposes upon them. It is not perceived that there can be any ground for giving such aid

indirectly when it would be refused if the demand were presented directly and in the name of the party himself." *Id.,* 339-340.

We perceive no meaningful distinction between the facts in *Upham* and those presented to us in the instant case. The release and assignment unequivocably assigns to Sentry Insurance Company the right of action for wrongful death. It is clear, therefore, that the named plaintiff is only that— the nominal plaintiff. The assignee insurance company is liable for damage for which its insured, Acme Disposal, is liable. In our view, the public policy identified by Justice Cooley is equally applicable to insurance companies which stand in the shoes of their wrongdoer insureds. Nor do we perceive any basis for limiting application of that public policy to those who are technically "joint tortfeasors". See *Moyses v Spartan Asphalt Paving Co,* 383 Mich 314, 331; 174 NW2d 797 (1970). As in *Upham,* maintenance of this suit by the assignee (albeit in the name of the estate's personal representative) represents an attempt by the assignee to improve its position from that of a potentially liable defendant's insurer to that of a potentially profit-making plaintiff.

Sentry Insurance Company's maintenance of this wrongful death action in the name of the estate's personal representative is merely a disguised attempt to seek contribution, indemnity or profit. Having failed to satisfy the legislatively mandated prerequisites to a suit for contribution from other tortfeasors, Sentry's attempt to seek contribution must fail. MCL 600.2925a(3), MSA 27A.2925(1)(3). As representative of an active wrongdoer, Sentry has no right of indemnification. *Hill v Sullivan Equipment Co,* 86 Mich App 693, 698-699; 273 NW2d 527 (1978) (Walsh, J., dissent-

ing), *lv den* 406 Mich 880 (1979). *A fortiori,* the law must deny its remedies to one seeking a profit under these circumstances.

Another basis for dismissal can be found in the interplay of the real party in interest provision, GCR 1963, 201.2, MCL 600.2041; MSA 27A.2041, and the wrongful death statute. MCL 600.2922(2); MSA 27A.2922(2). As unequivocal assignee of the cause of action, Sentry Insurance Company is the real party in interest and suit must be brought in its name. GCR 1963, 201.2; 1 Honigman & Hawkins, Michigan Court Rules Annotated, Rule 201, Committee Notes, page 444; 3A Moore's Federal Practice (2d ed), § 17.09, pp 17-82 *et seq., Sharrar v Wayne Savings Ass'n,* 254 Mich 456, 459; 236 NW 833 (1931), *Nierman v White's Motor Parts, Inc,* 269 Mich 608; 257 NW 751 (1934). The fact that the nominal plaintiff reserved for herself 50% of the proceeds to be recovered, if any, in the wrongful death action did not also reserve for her the status of real party in interest. James, Civil Procedure (1965), § 9.2, pp 384-385, *Joseph Miele Construction Co, Inc v City of Niagara Falls,* 21 F Supp 442 (WD NY, 1937). Under the wrongful death statute, however, actions for wrongful death must be brought by and in the name of the personal representatives of the deceased. MCL 600.2922(2). It is clear, therefore, that the circuit court did not err in determining that the complaint should be dismissed.

We affirm the circuit court's dismissal of the complaint filed against defendants B. F. Goodrich and Gans Tire Company. Costs to appellees.