STATE FARM FIRE & CASUALTY COMPANY v SUPER CITY, INC

Docket No. 63091. Submitted February 7, 1983, at Lansing.—Decided April 19, 1983.

State Farm Fire & Casualty Company brought an action for indemnification or contribution against Super City, Inc., in the Genesee Circuit Court. Plaintiff's complaint alleged the following. It was the liability insurer of Charles Thrash on December 14, 1978. On that date, Thrash was using a shotgun which he purchased from defendant when the gun discharged, injuring Deborah Strange. Strange commenced a lawsuit against Thrash which plaintiff defended. That lawsuit ended in a settlement on October 6, 1980, with plaintiff paying Strange $70,000 for the release of all of her claims. Plaintiff alleges that it subsequently discovered that the shotgun was defective and capable of firing without the trigger being pulled. The trial court, Harry B. McAra, J., granted summary judgment for defendant. Plaintiff appealed. *Held:*

1. Plaintiff's claim for common-law indemnity was properly dismissed. Common-law indemnity is available only if the party seeking it is not actively negligent. In determining whether plaintiff is entitled to indemnification, any fault attributable to plaintiff's insured must be attributed to plaintiff, since an insurer, as subrogee, has no greater rights against tortfeasors than does its insured. In order to determine whether plaintiff's insured was free from fault, the trial court was required to look to the primary plaintiff's complaint. If that complaint alleged active negligence, which it did, as opposed to derivative liability, plaintiff was not entitled to indemnification.

2. The statute governing tortfeasor contribution where there has been a settlement requires that: (1) the liability of the contributee for the injury or wrongful death is not extinguished by the settlement; (2) a reasonable effort was not made to notify the contributee of the pendency of the settlement negotiations; (3) the contributee was not given a reasonable opportunity to participate in the settlement negotiations; or (4) the settlement

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 41 Am Jur 2d, Indemnity §§ 9, 15-18, 42.
[3] 18 Am Jur 2d, Contribution §§ 10, 74.

was not made in good faith. The trial court correctly granted summary judgment with respect to the contribution claim because plaintiff did not notify defendant of the settlement negotiations or allow it to participate. The statute's requirements are not excused by the fact that plaintiff did not become aware of defendant's potential liability until after the settlement. The statute contains no such exception and plaintiff's failure of discovery was due to its failure to conduct a reasonable investigation.

Affirmed.

1. INDEMNITY — COMMON-LAW INDEMNITY — FREEDOM FROM NEGLIGENCE — PLEADING.

A party seeking common-law indemnity must plead and prove freedom on his part from personal fault; the party must be free from active or causal negligence and if the indemnitee's own negligence played a role in an injury he may not recover.

2. INDEMNITY — COMMON-LAW INDEMNITY — ACTIVE NEGLIGENCE — PRIMARY PLAINTIFF'S COMPLAINT — DERIVATIVE LIABILITY.

Common-law indemnity is available only if the party seeking it is not actively negligent; the court looks at the primary plaintiff's complaint in determining this, and, if the complaint alleges active negligence, as opposed to derivative liability, the defendant is not entitled to common-law indemnity.

3. CONTRIBUTION — NEGLIGENCE.

A tortfeasor who enters into a settlement with a claimant is not entitled to recover contribution from another tortfeasor if any of the following circumstances exist: (1) the liability of the contributee for the injury or wrongful death is not extinguished by the settlement; (2) a reasonable effort was not made to notify the contributee of the pendency of the settlement negotiations; (3) the contributee was not given a reasonable opportunity to participate in the settlement negotiations; or (4) the settlement was not made in good faith (MCL 600.2925a; MSA 27A.2925[1]).

*Ambrose & Ransom* (by *Philip M. Ambrose* and *John A. Ransom*), for plaintiff.

*Buchanan & Buchanan* (by *G. Cameron Buchanan* and *Dean M. Buchanan*), for defendant.

Before: DANHOF, C.J., and V. J. BRENNAN and N. A. BAGULEY,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order of the trial court granting summary judgment pursuant to GCR 1963, 117.2(1) in favor of defendant.

Plaintiff's complaint alleges that it was the liability insurer of Charles Thrash on December 14, 1978. On that date, Thrash was using a shotgun which he purchased from defendant when the gun discharged, injuring Deborah Strange. Strange commenced a lawsuit against Thrash which plaintiff defended. That lawsuit ended in a settlement on October 6, 1980, with plaintiff paying Strange $70,000 for the release of all of her claims. Plaintiff alleges that it subsequently discovered that the shotgun was defective and capable of firing without the trigger being pulled. Therefore, it commenced this action September 28, 1981, seeking indemnification or contribution from defendant.

A motion for summary judgment based on GCR 1963, 117.2(1), is designed to test the sufficiency of the pleadings. All well-pled facts must be accepted as true and the motion may be granted only if it is determined that the claims are so clearly unenforceable as a matter of law that no further factual development can justify a right to recovery. *Ken Cowden Chevrolet, Inc v Corts,* 112 Mich App 570, 572; 316 NW2d 259 (1982).

The trial court did not err by dismissing plaintiff's claim for common-law indemnity. Such indemnity is only available to compensate a party free from personal fault. *Peeples v Detroit,* 99 Mich App 285, 292; 297 NW2d 839 (1980). In determining whether plaintiff is entitled to indem-

* Circuit judge, sitting on the Court of Appeals by assignment.

nification, any fault attributable to plaintiff's insured must be attributed to plaintiff, since an insurer, as subrogee, has no greater rights against tortfeasors than does its insured. *Northern Ins Co of New York v B Elliott, Ltd,* 117 Mich App 308, 324; 323 NW2d 683 (1982); *DeJong v B F Goodrich, Inc,* 96 Mich App 36, 41; 292 NW2d 157 (1980).

In order to determine whether plaintiff's insured was free from fault, the trial court was required to look to the primary plaintiff's complaint. If that complaint alleged active negligence, as opposed to derivative liability, plaintiff was not entitled to indemnification. *Peeples v Detroit, supra,* p 293. Since the complaint Strange filed against Thrash alleged active negligence, plaintiff's claim must fail.

We are unable to find any merit in plaintiff's claim that the primary plaintiff's complaint should not be referred to since she is not a party to this litigation. The reason defendant was not made a party to the litigation in which the primary plaintiff was involved was because plaintiff did not implead defendant as a third-party defendant. Had defendant been impleaded in the earlier action, plaintiff would have been bound by the primary plaintiff's allegations. *Peeples v Detroit, supra.* We perceive no cogent reason for permitting a party seeking to obtain indemnification to avoid the rule stated in *Peeples, supra,* merely by waiting to proceed against the party from whom indemnification is sought until after the litigation involving the primary plaintiff is completed. Compare *De-Jong, supra.*

Defendant also claims that the trial court erred by granting summary judgment in favor of defendant with respect to its claim for contribution. The basis of the trial court's ruling on that claim was

MCL 600.2925a; MSA 27A.2925(1), which provides in part:

"A tort-feasor who enters into a settlement with a claimant is not entitled to recover contribution from another tort-feasor if any of the following circumstances exist:

"(a) The liability of the contributee for the injury or wrongful death is not extinguished by the settlement.

"(b) A reasonable effort was not made to notify the contributee of the pendency of the settlement negotiations.

"(c) The contributee was not given a reasonable opportunity to participate in the settlement negotiations.

"(d) The settlement was not made in good faith."

We find it unnecessary to address defendant's claim that its liability to Strange was not extinguished by the settlement. It is clear that at least two of the other remaining statutory prerequisites to plaintiff's right to bring an action for contribution were not satisfied. It is undisputed that plaintiff failed to notify defendant that settlement negotiations with Strange were ongoing and that it did not give defendant an opportunity to participate in those negotiations. We reject plaintiff's claim that its failure to satisfy the statutory requirements may be excused because it did not become aware of the potential liability of defendant until after the settlement with Strange had been reached. The statute contains no such exception.

Even assuming that we were willing to read such an exception into the statute, we would be unwilling to apply it in this case where it appears that the reason for plaintiff's failure to discover defendant's alleged tortious conduct until after the settlement was reached was the result of plaintiff's failure to conduct a reasonable investigation to

learn of the gun's condition. The gun was in plaintiff's possession or the possession of its insured during the entire period that the lawsuit was pending between Strange and plaintiff's insured. Although plaintiff rather vaguely claims that some testing of the gun was conducted prior to the time that the settlement was reached, it admits that no tests were conducted which involved firing the gun. In our opinion, even the most cursory investigation would have included such a test and, in all probability, would have disclosed the defects complained of. Under these circumstances, we are unwilling to permit plaintiff to deprive defendant of the protections afforded by the statute.

Finally, we reject plaintiff's claim that reversal is required because the trial court failed to consider plaintiff's brief prior to deciding the motion. The record discloses that the trial court heard the parties' arguments and considered the applicable legal authority.

Affirmed. Costs to defendant.