896 F.Supp. 714 (1995)
Rev. Wendall ANTHONY, Joann N. Watson and NAACP Detroit Branch, as representative for class, Jointly and Individually, Plaintiffs,
v.
Joseph MADISON, William H. Penn Sr., Mark Stepp, Thomas Turner, and National NAACP, a Maryland Corp., Jointly and Severally, Defendants.
Civ. A. No. 95-71097.
United States District Court, E.D. Michigan, Southern Division.
August 9, 1995.
*715 Sharon M. McPhail, Feikens, Vandermale, Stevens, Bellamy & Gilchrist, P.C., Detroit, MI, for plaintiffs.
Abigail Elias and Jerome R. Watson, Miller, Canfield, Paddock & Stone, Detroit, MI, for defendants.
MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO REMAND AND DENYING DEFENDANTS' MOTION TO DISMISS
GADOLA, District Judge.
Plaintiffs Rev. Wendall Anthony, Joann N. Watson and NAACP Detroit Branch filed this action in Wayne County Circuit Court. Defendants Joseph Madison, William H. Penn Sr., Mark Stepp, Thomas Turner and the National NAACP filed a notice of removal in the above-captioned case alleging that this court has diversity jurisdiction because defendants Stepp and Turner were fraudulently joined. Before the court are: (1) defendants' motion to dissolve temporary restraining order and for partial dismissal of complaint for failure to state claims; and (2) plaintiffs' motion for remand.

I. Facts
Neither party has presented a statement of facts in their briefs. Therefore, the court will state the facts presented in plaintiffs' complaint.
In Counts I and II, plaintiffs allege that on October 17, 1994, defendant Joseph Madison made several statements about plaintiff Rev. Wendall Anthony and plaintiff Joann Watson. Plaintiffs allege that Madison made the following comments regarding Anthony:
A. NAACP examines accusations of mismanagement
B. I guarantee there will be an investigation
C. is not being honest
Plaintiffs allege that Madison made the following comments regarding plaintiff Joann Watson:
A. you can't simply ignore the agreement
B. is not being honest
Plaintiffs allege that the statements caused plaintiff Rev. Wendall Anthony's and plaintiff Joann N. Watson's reputations to be lowered in the estimation of the community and deterred third persons from associating or dealing with them. Plaintiffs further allege *716 that defendant Madison made these statements in furtherance of the conspiracy to take control of the Detroit Branch and the National NAACP and with the purpose of accusing plaintiff Rev. Anthony of defalcation or dishonesty. Plaintiffs allege that the statements were false, that defendants knew the statements were false, and defendants acted with malice in making and publishing the statements. Plaintiffs request damages for the harm caused by defendant Madison's statements.
In Count III, plaintiffs allege that for the past year, plaintiff NAACP Detroit Branch and defendant National NAACP have been in dispute over the amount of monies owed from dues and revenue sharing. Plaintiffs allege that NAACP Detroit Branch has engaged in a good faith effort to settle the dispute but defendant National NAACP has not acted in good faith. Plaintiffs allege that defendant National NAACP has stone walled plaintiff NAACP Detroit Branch in any effort to reach an agreement, has actively sought to damage NAACP Detroit Branch's ability to operate effectively, and has threatened to freeze or withdraw monies from NAACP Detroit Branch's bank accounts, suspend officers and take control of the chapter. Plaintiffs seek to enjoin defendants from freezing or withdrawing monies from plaintiff's bank accounts, from suspending its officers and directors and from taking control of NAACP Detroit Branch.
In Count IV, plaintiffs allege that defendant National NAACP made a number of misrepresentations and omissions through which it breached its fiduciary duty to plaintiff NAACP Detroit Branch, which brings this claim on behalf of itself and all members and breaches of the NAACP which are similarly situated. Plaintiffs seek monetary damages for National NAACP's alleged breach of fiduciary duty.
In Count V, plaintiffs allege that defendants, in furtherance of their conspiracy, have published materials false and derogatory to plaintiffs' profession and business intended to harm plaintiffs. Plaintiffs do not identify the statements nor the individuals who made the statements. Plaintiffs seek monetary damages for the injuries they suffered from the harm alleged in this count.
In Count VI, plaintiffs allege that defendants combined and agreed to jointly pursue a course of conduct of illegal activity or legal activity through illegal means intended to harm or destroy plaintiffs' reputations. Plaintiffs seek monetary damages.
On February 17, 1995, Judge Marianne O. Battini of the Wayne County Circuit Court issued an ex parte temporary restraining order in this case against defendants in accordance with Count III of plaintiffs' complaint. On March 17, 1995, defendants filed a notice of removal to this court, alleging that the court exercised diversity jurisdiction over this action because two defendants were fraudulently joined. According to defendants, the citizenship of the parties is the following. Plaintiffs Reverend Wendall Anthony and Joann N. Watson are citizens of the state of Michigan. Plaintiff Detroit Branch NAACP is a Michigan corporation with its principal place of business in the state of Michigan. Therefore, for purposes of diversity jurisdiction and removal, plaintiff Detroit Branch of Michigan is a citizen of the state of Michigan. Defendant National NAACP is a New York corporation with its principal place of business in Baltimore, Maryland. Therefore, for purposes of diversity jurisdiction and removal, defendant National NAACP has dual citizenship in the states of New York and Maryland. Defendant Joseph Madison is a citizen of the state of Maryland. Defendant William H. Penn, Jr., is a citizen of the state of New York. Defendants Mark Stepp and Thomas Turner are citizens of the state of Michigan. However, defendants allege that Stepp and Turner are fraudulently joined and therefore their citizenship should not be considered for purposes of determining whether this court exercise diversity jurisdiction.
Defendants filed a motion to dissolve temporary restraining order and for partial dismissal of complaint for failure to state claims. Plaintiffs never responded to defendants' motion. Instead, plaintiffs filed a motion for remand. Defendants responded to plaintiffs' motion for remand. Before the court are both defendants' and plaintiffs' motions.

*717 II. Analysis

A. Plaintiffs' Motion to Remand
Plaintiffs argue that this court lacks jurisdiction over this action because there is not complete diversity of citizenship. Two of the named defendants in this action, Stepp and Turner, are citizens of the same state as the plaintiffs, i.e. Michigan. Plaintiffs therefore request that this action be remanded to Wayne County Circuit Court. Defendants argue that this court does exercise diversity jurisdiction because Stepp and Turner are fraudulently joined.
The burden of proving the existence of federal jurisdiction rests on the removing party. No fraudulent joinder exists if "there is arguably a reasonable basis for predicting that the state law might impose liability on the non-diverse defendants under the facts alleged." Alexander v. Electronic Data Sys. Corp., 13 F.3d 940, 949 (6th Cir. 1994). In the event that joinder is not fraudulent, the court must remand the action to state court.
Defendants argue that plaintiffs' complaint only alleges a claim of conspiracy against defendants Stepp and Turner and has failed to state any underlying claims against those two defendants. Both parties agree that an allegation of conspiracy without an underlying tortious act or criminal activity is not actionable. See Early Detection Center v. New York Life Ins. Co., 157 Mich.App. 618, 631, 403 N.W.2d 830 (1986). Plaintiffs counter that they alleged in their complaint that all the defendants have published derogatory materials to interfere with plaintiffs relationships with others and that these are the underlying tortious actions behind defendants' conspiracy to destroy plaintiffs' reputations. Plaintiffs also attach to their motion to remand the affidavit of Joann N. Watson, who provides several specific examples of alleged statements made by Stepp and a general allegation that Turner made defamatory statements. In her affidavit, Ms. Watson states the following:
4. On July 29, 1994, Defendant Mark Stepp made the statement "this is moral fraud." The statement was published in the New York Times and concerned the Plaintiffs.
5. On September 28, 1994, Defendant Mark Stepp published a statement indicating the Detroit branch owed dues of $703,170.13 for the year 1993. I believe he made the statement knowing it to be false.
6. On August 15, 1994, Defendant Mark Stepp published a statement in the Detroit Free Press indicating the present leadership of the Detroit NAACP was mismanaged. The particular statement was "something must be done to save the integrity and prestige of the association."
Defendants argue that the propriety of removal or of remand must be decided on the basis of the allegations of the complaint at the time it was filed and therefore, Watson's affidavit cannot be considered in determining plaintiffs' motion to remand. Removal is determined on the basis of the allegations in the complaint at the time it was filed. Alexander v. EDS, 13 F.3d 940, 946 (6th Cir.1994). However, courts also consider affidavits submitted by the parties in determining whether there was a reasonable basis that state law might impose liability. See Snowberry v. Unisys Corporation, 1994 WL 706644 (E.D.Mich. April 20, 1994); Freeman v. Unisys Corp., 870 F.Supp. 169 (E.D.Mich.1994). In fact, in Alexander, the Sixth Circuit held that the district court should have looked beyond the complaint and made an independent inquiry based upon the pleadings, including the notice of removal and motion to remand, to determine whether removal was appropriate. The court found that plaintiff had made a statement of fact in his motion to remand that effectively abandoned his claim under the Employee Retirement Income Security Act. "We construe the plaintiff's action, as described above, in the motion to remand as any effectual amendment or clarification with respect to disclaiming an rights as an actual or former EDS employee." Id. at 947. Then the Sixth Circuit examined whether the district court would have jurisdiction based on diversity. The court stated that "the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." Id. at 949 *718 (citing Bobby Jones Garden Apartments, Inc. v. Suleski, 391 F.2d 172, 176 (5th Cir.1968)). Therefore, the court finds that it can consider the affidavit attached to plaintiffs' motion for remand.
Defendants argue that Watson's affidavit does not establish a cause of action for libel or slander. Specifically, defendants argue that the statements allegedly made by Stepp are "unclear and ambiguous at best." The court disagrees. It is clearly possible that a jury could find the statements defamatory because they "tend to harm the reputation of [persons so] as to lower [them] in the estimation of the community or to deter [others] from associating or dealing with [them]." Locricchio v. Evening News Ass'n, 438 Mich. 84, 115, 476 N.W.2d 112 (1991) (quoting Nuyen v. Slater, 372 Mich. 654, 662, 127 N.W.2d 369 (1964)). The affidavit does provide proof, if its allegations are accepted, that plaintiffs would have a reasonable basis for imposing liability on the facts involved against defendant Stepp, who is a Michigan citizen. The court does agree with defendants that Watson's affidavit fails to attribute any defamatory words to Turner. However, after finding that plaintiffs have a reasonable claim against Stepp, the court has already determined that there is no diversity in this action.

B. Defendants' Motion to Dismiss
Because the court has granted plaintiffs' motion to remand, defendants' motion to dismiss is moot.

ORDER
Therefore, it is hereby ORDERED that plaintiffs' motion to remand is GRANTED.
It is further ORDERED that defendants' motion to dismiss is DENIED as MOOT.
SO ORDERED.