Candy A. HUNT and James Allen Hunt, individually, and Candy A. Hunt, as Next Friend of Samantha Hunt, Plaintiffs,

v.

Jana RING, as Personal Representative of the Estate of Mary Filipkowski, Deceased, and Toastmaster, Inc., a Delaware Corporation, Jointly and Severally, Defendants.

Civil Action No. 96–72065.

United States District Court,
E.D. Michigan,
Southern Division.

Nov. 8, 1996.

Opinion Denying Reconsideration
Nov. 27, 1996.

Carol G. Vlachos, Southgate, MI, for Plaintiff.

Ronald P. Weitzman, Ronald C. Wernette, Jr., Bowman and Brooke, Detroit, MI, for Defendant Toastmaster.

Dennis Zamplas, Bloomfield Hills, MI, for Defendant Jana Ring.

## OPINION AND ORDER

FEIKENS, District Judge.

### I. *Summary*

Plaintiffs Candy A. and James Allen Hunt are suing for personal injury to their daughter Samantha. Samantha is also suing individually through her Next Friend, who initially was Candy Hunt, succeeded by Debra N. Pospiech as of July 26, 1996. Plaintiffs name (1) Toastmaster Inc.,.and (2) Jana Ring (aka, Jana Rang), personal representative of the estate of Mary Filipkowski, the Hunts' now-deceased landlord. Samantha received burns from a space heater which was manufactured by Toastmaster, owned by Filipkowski, and apparently in the possession of the Hunts at the time of Samantha's injury.

For the reasons discussed below, I remand this case to Wayne County Circuit Court for the State of Michigan. Since I do not have diversity jurisdiction, I do not decide other motions filed in the case, which are: Ring's Motion to Dismiss Claims Against Filipkowski's Estate; Toastmaster's Motion to Drop the Other Defendant; Toastmaster's Motion to Compel Discovery and for Sanctions; Ring's Motion for Dismissal or, in the Alternative, Date Certain on the Depositions of Plaintiffs; and Plaintiffs' Motion to Strike Defendant Toastmaster's Reply Memorandum and to Strike Concurrence by Defendant Jana Ring [Rang].

### II. *Standard of Review*

A case must be remanded to state court if at any time before final judgment it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1446(c). Federal jurisdiction is alleged in the present case on the basis of diversity between the parties, pursuant to 28 U.S.C. § 1332(a)(1). Diversity jurisdiction is appropriate only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. 28 U.S.C. § 1441(b). Thus I must remand if any defendant in this case is a citizen of Michigan.

### III. *Analysis*

Jana Ring, Personal Representative of the Filipkowski Estate, is a named defendant and a citizen of Michigan. Defendants argue that Ring should be dismissed from the case. They argue that Ring was fraudulently joined for the sole purpose of defeating federal jurisdiction, because there could be no recovery against Filipkowski's estate, based on the facts of the case. *Alexander v. Electronic Data Systems*, 13 F.3d 940, 947–49 (6th Cir.1994). They also assert that even if a claim against Ring is viable, her presence does not destroy diversity because she is only a nominal party in interest, and the real party in interest is Filipkowski's insurance company, domiciled in Texas.

The complaint against Ring clearly states a facial claim based on premises liability. Plaintiffs would have me go further and decide whether Plaintiffs' evidence against Ring (*i.e.*, the Filipkowski estate) is sufficient to create a material dispute of fact as to her liability. This I cannot do, lacking subject matter jurisdiction. If federal courts were able to create diversity jurisdiction by issuing summary judgment orders in favor of non-diverse defendants, the courts would be flooded with dubious diversity claims in which federal judges would be called upon to decide the sufficiency of evidence. Lacking a basis for jurisdiction, it is not appropriate for a federal court to delve into the merits of claims against non-diverse defendants.

Defendants argue that a four month statute of limitations bars Plaintiffs' claim against the Filipkowski estate. Plaintiffs dispute this, claiming that they were not given direct notice of probate that was due to them, so a three-year limitation, rather than the four months, applies under M.C.L.A. 700.703 and 700.704(1). Plaintiffs additionally point to statutory language exempting claims against the insurer of a deceased de-

fendant from the four-month limitation. M.C.L. 700.710(3); *Williams v. Grossman*, 409 Mich. 67, 293 N.W.2d 315 (1980). Again, I cannot make such a substantive determination in the context of a remand motion. I note that if the State determines that the four-month limit applies, Defendants might have a viable cause to seek removal once again.

█ Defendants' assertion that Filipkowski's insurer, and not Ring, is the real party in interest is patently contrary to existing law. Under Michigan law applicable in this case, an insurer "shall not be made or joined as a party defendant" in an action brought by an injured person. M.C.L. 500.3021. In other words, where an injured person sues a defendant, the defendant's insurer may not be named as a party defendant. This makes sense, since the insurer's only duty is to defend and indemnify the insured. It is not the insurer's conduct, but that of the insured, that is at issue.

An insurer may be the real party in interest in other situations, such as where a defendant's insurer, having paid a judgment to a plaintiff, seeks indemnity from the insured defendant, *Sinai Hospital of Detroit v. Sivak*, 88 Mich.App. 68, 276 N.W.2d 518 (1979); where a plaintiff assigned his cause of action to his insurance company, which then seeks damages from a defendant, *Heck v. Henne*, 238 Mich. 198, 213 N.W. 112 (1927); or where a plaintiff assigned her cause of action to one alleged tortfeasor's insurance company in the context of a settlement agreement, and that insurer seeks to recover plaintiff's damages from another defendant, *DeJong v. B.F. Goodrich, Inc.*, 96 Mich.App. 36, 292 N.W.2d 157 (1980). But none of these cases applies here, where an injured party seeks to recover money from a defendant's insurer.

### Conclusion

For the above reasons, I hereby order this case remanded to Wayne County Circuit Court for the State of Michigan.

IT IS SO ORDERED.

1. All of the other requirements for diversity jurisdiction under 28 U.S.C. § 1332 are met.

2. Plaintiff Samantha Hunt, daughter of Candy and James Allen Hunt, was injured by a space heater owned by Filipkowski.

### OPINION AND ORDER ON RECONSIDERATION

Defendant Toastmaster seeks reconsideration of my November 7, 1996 order remanding this action to Wayne County Circuit Court. I remanded this case because the presence of defendant Jana Ring, a Michigan citizen, destroys complete diversity under 28 U.S.C. § 1441(b).[1] Toastmaster argues that Ring is not a proper defendant, and complete diversity exists. Ring is the personal representative of the estate of Mary Filipkowski, whose negligence is alleged to have caused injury to plaintiffs.[2]

In the opinion accompanying my November 7, 1996 order, I held that (1) Ring, and not the insurance company of the Filipkowski estate, is a real party in interest, and (2) plaintiffs stated a claim against Ring under Michigan law. Toastmaster's motion for reconsideration challenges only the latter point. Finding that plaintiffs stated a facial claim against Ring, I held that I had no jurisdiction to examine the case further. Toastmaster now argues that I was obliged to examine the facts alleged and Michigan law to determine whether a jury could find Filipkowski liable to plaintiffs. Toastmaster asserts that no such liability would be possible.

█ Toastmaster correctly cites decisions in which federal courts considering fraudulent joinder have examined the plaintiff's factual allegations and relevant state law holdings to determine whether there is a reasonable basis to believe that state law might impose liability.[3] *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 948 (6th Cir.1994); *Carriere v. Sears Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir.1990); *Yanakeff v. Signature XV*, 822 F.Supp. 1264, 1266 (E.D.Mich.1993); *Anthony v. Madison*, 896 F.Supp. 714, 718 (E.D.Mich.1995). The defendant bears the burden of showing

3. Although joinder of a defendant may be called "fraudulent" where there is no reasonable prospect of liability, this seems to me a misnomer. There is not necessarily any intent to deceive either the court or opposing parties in such a case, so I prefer to refer to "improper" joinder.

fraudulent joinder. *Alexander* at 949. Fraudulent joinder may be found only if "it be clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law." *Id.*, citing *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir.1968). Disputes of fact and ambiguities in controlling state law must be resolved in favor of plaintiff. *Alexander* at 949, citing *Carriere* at 100.

Adopting the approach of these cases, I agree that I am required to decide whether the facts alleged state a claim under Michigan law. However, to the extent that these cases require me to analyze Michigan law and determine whether Michigan courts would allow a claim to go forward, I shoulder that burden reluctantly. I continue to believe that such analysis is best left to state judges, who have greater expertise in state law. Additionally, this subjects federal judges to a Catch–22: in determining our own jurisdiction, we must resolve a substantive question of law which may remove that very jurisdiction. This process gives a non-diverse defendant two bites of the apple, since first he has the benefit of federal court examination of the state law issue (which may be outside federal jurisdiction), and if the federal court finds in favor of the plaintiff, the defendant can make the same argument after remand to state court. While I adhere to the command of the above-cited cases, I continue to believe that any facially valid claim against a non-diverse party should be remanded to state court.

■ In this case, there remain ambiguous questions of law and disputed issues of material fact which prevent a finding that Ring was fraudulently or improperly joined. Toastmaster asserts that there can be no recovery because injury took place in premises under the control of plaintiffs, and not Filipkowski, their landlady. Yet the decisions Toastmaster cites do not unambiguously stand for that proposition. *Williams v. Cunningham Drug Stores, Inc.*, 429 Mich. 495, 418 N.W.2d 381 (1988), found a merchant had no duty to protect invitees from harm from third parties, and only a footnote (in dicta) observed that "[t]he landlord is not liable for injuries that occur within the boundaries of the leased premises." *Id.* at 499 n. 10, 418 N.W.2d 381. The two cases cited in *Williams'* footnote also involved a lessor's failure to provide security to prevent harm from third parties that took place in leased premises. *Williams v. City of Detroit*, 127 Mich.App. 464, 339 N.W.2d 215 (1963); *Pagano v. Mesirow*, 147 Mich.App. 51, 383 N.W.2d 103 (1985). This is also true of the second case cited by defendant, *Bryant v. Brannen*, 180 Mich.App. 87, 446 N.W.2d 847 (1989). While these cases establish that a landlord's duty to protect from harm from third parties extends only to common areas, they do not state that a landlord has no duty to warn or protect from unsafe appliances or other conditions in leased premises.

Assuming for purposes of this decision that Toastmaster is correct in stating that a landlord is not liable under Michigan law for injury to tenants in areas under the tenants' control, there still could be liability. Plaintiffs did not rent a home from Filipkowski but rather occupied a room in her house, in exchange for personal services and utility payments. It is certainly possible that Michigan courts could find the plaintiffs' room to be a "common area" and thereby impose a duty on Filipkowski to warn of or prevent certain harms. As *Alexander* teaches, ambiguities in state law must be resolved in favor of the non-removing party. *Alexander* at 949.

■ Toastmaster also argues that the "open and obvious danger" doctrine in Michigan would bar any claim against Filipkowski. Toastmaster asserts that a premises owner has no duty to protect or warn of dangerous conditions which are known to, or reasonably should have been discovered by, the person on the premises, and that the space heater that caused Samantha Hunt's injuries was such an "open and obvious" danger. Here, a quintessential fact question is presented: did the Hunts know, or should they have known, of the danger presented by the space heater? This potential fact dispute prevents a finding of no possible liability. *Id.*

For the above reasons, defendant Toastmaster's motion for reconsideration is hereby denied.